Dominic **SORRENTI**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19514.

United States Court of Appeals
Fifth Circuit.

July 26, 1962.

Rehearing Denied Sept. 6, 1962.

Wm. B. Cassin, Houston, Tex., for appellant.

William A. Jackson, Asst. U. S. Atty., Houston, Tex., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

On this appeal, the appellant, Dominic Sorrenti, complains of the action of the District Court in denying his motion to vacate judgment of conviction, permit a withdrawal of his plea of guilty, and to grant a new trial.[1] The appellant is presently serving a sentence of twelve years imposed by the United States District Court for the Southern District of Texas, Laredo Division. The sentence was imposed for a second conviction of violating the Federal narcotics laws pursuant to 26 U.S.C.A. § 4744(a) (2). The motion alleges in broad general terms that his plea of guilty was not voluntarily entered because of certain promises and assurances made to him by federal agents.

Dominic Sorrenti, with another, was apprehended on September 4, 1958, north

---

1. Sorrenti's motion was filed under 28 U.S.C.A. § 2255, and under Rule 32(d),     Federal Rules of Criminal Procedure, 18 U.S.C.A.

of the Mexican border near Cotula, Texas, and a quantity of marihuana was found hidden under the hood of their automobile. They were taken the next day before the United States Commissioner at Laredo, Texas, where they were charged by complaint, bond set, and placed in jail in lieu of bail. Sorrenti was indicted on three counts, (1) the smuggling; (2) the concealment and transportation; and (3) failure to pay the transfer tax upon the marihuana seized. Counts One and Two charged a violation of 21 U.S.C.A. § 176a, and Count Three charged a violation of 26 U.S.C.A. § 4744 (a) (2).[2]

While awaiting trial, Federal Agent Fred A. Rody approached Sorrenti in the Laredo jail and discussed the possibility of Sorrenti working as an informer for the Customs Service. Agent Rody told Sorrenti that if he would work as an informer, Rody would do everything he could to help him, and specifically: that Sorrenti would be tried on the tax count (Count Three), to which, if he pled guilty, Rody would, through the office of the United States Attorney, secure dismissal of Counts One and Two; Sorrenti's assistance would be brought to the attention of the judge who heard the case at the time of imposition of sentence; and other less important assurances such as payment for services, and exemption from appearance as a witness in any case in which he furnished information, etc.

Subsequently, Sorrenti did in fact work for the federal agents as a narcotics informer for a period of approximately six weeks. He was instrumental in at least one arrest and conviction. He was paid approximately $350.00 for his services with funds provided for the payment of informers.

When his case was originally called for trial, Sorrenti jumped bail[3] and was sub-

sequently taken into custody and again placed in jail. On September 13, 1960, he voluntarily surrendered to federal officers, and appeared for trial on the narcotics and bail jumping charges. After consulting with counsel appointed by the Court, Sorrenti entered a plea of not guilty to all counts.[4] An experienced attorney, Mr. Raymond Goodman, was appointed by the Court to represent Sorrenti. Mr. Goodman told Sorrenti that he had spoken to an Assistant United States Attorney about the case, who said that if Sorrenti would plead guilty to Count Three of the indictment, that the Government would dismiss Counts One and Two. Mr. Goodman further advised Sorrenti that he was facing a possible sentence of 10–40 years on Counts One and Two, but a substantially less sentence of 5–20 years on Count Three. His attorney further advised Sorrenti that he did not believe that he would receive a sentence in excess of ten years, but he made no positive assurances as to the length of the sentence. Sorrenti decided to plead guilty, and entered a plea of guilty to Count Three.

When the guilty plea was entered, the Court was advised by the attorneys and customs agents of Sorrenti's activities on behalf of the Government. The Court advised Sorrenti that the charge was a serious one and of his right to plead not guilty. Not knowing of Sorrenti's prior conviction of violating the Federal narcotics laws, the Court further advised him of the possible sentence of 2–10 years. Sorrenti assured the Court that he had fully discussed the matter with his counsel and desired to enter the guilty plea. After the guilty plea was entered, and on motion of the United States Attorney, Counts One and Two were dismissed. Before imposition of the sentence, the United States Attorney filed the information revealing a prior conviction of violating the Federal nar-

---

2. Sorrenti was subject to a possible prison sentence of 10–40 years under Counts One and Two, and to a prison sentence of 5–20 years under Count Three.

3. 18 U.S.C.A. § 3146.

4. Sorrenti has already served his sentence on the bail jumping charge and the only conviction now involved is the narcotics violation.

cotics laws and the Court imposed a sentence of twelve years.

Sorrenti then filed his motion to vacate sentence in the District Court alleging that he entered his plea of guilty on the assurances of Agent Rody that he would get a light sentence or that he "would be pleased with his sentence." He states, that he was under the impression that his sentence would be no more than ten years. The District Court conducted a hearing and Sorrenti claimed then, as he does now, that the promises and assurances of all concerned robbed his plea of voluntariness. The District Court incorporated its findings of fact and conclusions of law into a memorandum opinion and concluded that the plea was entered voluntarily.[5]

Rule 11 of the Federal Rules of Criminal Procedure states that the court shall not accept a plea of guilty without first determining whether it is made voluntarily. The District Judge here fully complied with this rule by questioning the defendant who had previously conferred with counsel. Sorrenti's counsel was present in court at that time. It is true that the judge erroneously advised Sorrenti that the possible sentence was only 2–10 years, but it is also undisputed in the record that Sorrenti had been advised many times by Agent Rody that a second offender could not receive probation and that the penalty was 5–20 years. It is likewise undisputed that Sorrenti's counsel fully and correctly informed him of the possible sentences on all counts. Certainly, Sorrenti knew of his own prior conviction.[6] In Shelton v. United States, (5 Cir., 1957) 246 F.2d

571, this Court considered the mandatory provisions of Rule 11 and the scope of our review:

"However, there is nothing in the rule or in the protection it seeks to afford an accused that a certain form of finding must be entered in the record to support the court's discharge of this duty if later questioned. United States v. Swaggerty, 7 Cir., 218 F.2d 875. We think that where in a later inquiry the court finds that the plea was actually made voluntarily this later finding is entitled to the same weight and respect on appeal as is any other fact determination which is the court's duty to make."

At the beginning of the hearing on Sorrenti's motion, the Court carefully impressed upon Sorrenti and his counsel the desire for a full and exhaustive determination of all the facts. A full hearing on the contentions made by Sorrenti was held at which Sorrenti was present. At the hearing he was represented by two able attorneys and several witnesses were examined.

It is contended on this appeal that the Court failed to make adequate and comprehensive findings of fact, and therefore the rule of appellate review announced in the Shelton case is not applicable. However, it must be remembered that the ultimate issue before the trial court was whether the plea was induced or voluntary. The trial court, based on all the evidence "in light of Sorrenti's contentions", made sufficient findings of fact and conclusions of law with respect to the voluntariness of the

5. "Sorrenti * * * has made broad allegations that his plea of guilty was not voluntarily entered, in that he was promised by customs agents that he would not receive a sentence in excess of five years, and that he was deceived and misled by the court in that he would not receive a sentence in excess of ten years * * * the matter was set for hearing. Sorrenti was present and afforded the benefit of able, court appointed counsel. He testified at length, and was permitted to call such witnesses as he desired. The testimony of Sorrenti and of the customs agents concerned are essentially in agreement and there is no real dispute of the facts. On the record thus made I find the motion to be completely without merit."

6. In addition to this prior conviction Sorrenti also had trouble with narcotics while serving in Germany in the armed forces. He had also served a term for burglary. When a juvenile, he accumulated a rather lengthy record and was declared to be a delinquent and spent some time in the Boys' Home in Wisconsin.

plea. It is obvious from a reading of the Memorandum Opinion that all of Sorrenti's allegations were fully considered and appraised.

In Martin v. United States, (5 Cir. 1958) 256 F.2d 345, this Court had occasion to review a case in which the United States Attorney dismissed a kidnapping count of an indictment which carried the death penalty, when the defendant entered a plea of guilty to a less serious charge embraced in the same indictment. Commenting upon the Shelton case,[7] the opinion in the Martin case held:

"This reversal does not necessarily mean * * * that the law expressed by this Court was erroneous, since the Supreme Court rendered no opinion on the subject. The Supreme Court seems to have reversed because it found that the plea 'may have been improperly obtained' and sent the case back for a further determination of that issue. The Court did not hold, nor did the dissenting opinion by Judge Rives in this Court hold that 'if a motivating cause which impelled him (the accused) to enter the plea was a promise by the Government to seek the dismissal of an additional count in the pending indictment and the pending indictment in another district and to recommend a sentence of a year, the plea could not, as a matter of law, be voluntary.' In fact that opinion conceded that 'perhaps a plea of guilty induced *in part* by promises may nevertheless be trustworthy.' 246 F.2d 571, 580. So far as we know no court has held that any such concession made by the prosecution necessitates a finding that the plea was involuntary. The crucial issue appears to be whether, with all of the facts before him, including the advice of competent counsel, the plea was truly voluntary. The Supreme Court lays down no other test. The fact findings of the trial court as to the voluntariness should be reviewed on this issue on the clearly erroneous test."

In viewing the terms of Sorrenti's "bargain with Agent Rody," particularly in light of the circumstances existing when made, it seems clear that the bulk of the bargain did not relate to a plea of guilty, but rather to the agreement of Sorrenti to work as an informer for Customs Service. The only concession offered if Sorrenti would plead guilty to Count Three was the promise to dismiss Counts One and Two. This understanding was consummated with the advice of competent counsel appointed to represent Sorrenti; it was deliberately and voluntarily made; and was obviously beneficial to Sorrenti. Under the test set out in Martin, supra, this Court holds the plea to be voluntary.

It is undoubtedly true that Rody stated to Sorrenti that he would do all he could, which he in fact did, though final imposition of sentence was up to the judge. This was known to no one better than to Sorrenti, who had been before judges most of his life. He was faced with the possibility of going to prison for 40 years on Counts One and Two. He could have received a sentence of 20 years on the charge to which he pled guilty, a fact which he well knew. Actually he received a sentence of only 12 years. Upon a review of the entire record, we conclude that Sorrenti was well represented by competent counsel; he received all he was promised; he was not misled; he had a full, complete and fair hearing on his motion; he was not dealt with harshly, and in fact his sentence was certainly fair and reasonable. It may be that Sorrenti was disappointed. He may have convinced himself that he de-

---

7. The Shelton case was reversed by the United States Supreme Court on confession of error on the part of the Solicitor General on the ground that the plea may have been improperly obtained. Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.

served a lighter sentence. Probably most defendants feel substantially the same way at the time of sentence, but this does not void his plea of guilty which we hold was voluntarily made.

The judgment is affirmed.