LAWRENCE J. HEFNER, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5638

June 12, 1969                              455 P.2d 625

*George V. Allison,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Peter I. Breen,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a district court order denying post-conviction relief to Lawrence Hefner, an inmate of the Nevada State Prison. He is there confined pursuant to judgments and concurrent sentences entered upon his plea of guilty to two separate charges of robbery. In each instance, without counsel, he had waived preliminary examination before the justice's court. He was represented by court-appointed counsel in the district court, pleaded not guilty to each charge, and soon thereafter changed his pleas to guilty. He now challenges the validity of the convictions entered pursuant to his pleas of guilty, asserting infirmity in that he waived preliminary examinations without the assistance of counsel, and was denied effective counsel in the district court, causing him to change his pleas from not guilty to guilty.

The district court denied his petition peremptorily with the observation that "no grounds for the issuance of the writ have been stated." An evidentiary hearing did not occur. Denial of the collateral post-conviction challenge based upon the absence of counsel when the petitioner waived preliminary examinations before the justice's court was proper. His subsequent guilty pleas to the district court precluded that challenge. Hall v. Warden, 83 Nev. 446, 453, 434 P.2d 425 (1967).

We next consider the question whether appellant's change of plea from not guilty to guilty was involuntary as shown from the record before us, which was the same record before the trial court.

That record indicates appellant was arrested on December 12, 1964, taken before a justice of the peace for preliminary hearing on December 15 and 17, appointed counsel on January 12, 1965, changed his plea to guilty on January 14, and was sentenced the same day.

It was not the general practice of trial courts in Nevada at that time to engage in a dialogue with a defendant on his

plea of guilty to a felony as required by Rule 11 of the Federal Rules of Criminal Procedure. That rule requires the court to address the defendant personally to determine whether his plea is voluntary and made with an understanding of the nature of the charge and the consequences of the plea before accepting it. Since this was not done in the instant case, this court must determine, if it can from the record before it, whether the plea was in fact voluntary. United States v. Del Piano, 386 F.2d 436 (3rd Cir. 1967), cert. denied, 392 U.S. 936 (1968).

The records before us relating to the change of plea from not guilty to guilty to two felony robbery charges include the court minutes of the Eighth Judicial District Court for January 14 and a "Narrative of Facts" by appellant offered to the First Judicial District Court in his post-conviction habeas corpus application.

These records show appellant was given counsel, Alfred Becker, Esq., known to this court to be a competent attorney, that he first plead not guilty and then on January 14, with counsel present, requested permission of the court to withdraw both not-guilty pleas and enter guilty pleas. The court granted permission, whereupon appellant, through counsel, waived the statutory time for rendition of sentence and requested immediate sentencing. The court then sentenced him to two sentences of 5 to 10 years to run concurrently. There is nothing in that record to suggest in any manner that the changes of pleas were not voluntarily made with and upon the advice of competent counsel. Counsel accomplished for appellant concurrent sentences and avoided an habitual criminal charge or the filing of other robbery charges.

Appellant, in his narrative of facts, admits he was arrested without a warrant in front of the Stardust Hotel in Las Vegas with a .22 blank starter pistol in his possession. He was informed by police that he had been identified at a line-up as the perpetrator of several robberies. He was asked to confess to one robbery and aid in solving others. He refused. After receipt of his FBI record of prior convictions, it was indicated that he could be charged as an habitual criminal. He was told that other charges might be filed against him. After giving Becker the facts, informing him the evidence was all circumstantial, and instructing him to fight the charges all the way, Becker informed him things looked bleak and bad. Becker told him if he wanted to plead guilty to the two robbery charges, he would talk with the judge and prosecutor about a concurrent 5 to 10 year sentence. Appellant spent a

sleepless night thinking things over, and recalled to himself that his record had come back to haunt him again.

The next morning in court, Becker told him all was well and that no habitual criminal charge would be filed. Appellant then changed his plea to guilty of the two charges, was sentenced to a concurrent 5 to 10 year term. No other charges were filed, and he was committed to the penitentiary.

This summary of events from the record before us demonstrates that appellant's decision to plead guilty was the "intelligent application of his own will to the problem." Hall v. Warden, supra. In Martin v. United States, 256 F.2d 345, at 349 (5th Cir. 1958), cert. denied 358 U.S. 921 (1958), the court stated: "The crucial issue appears to be whether, with all of the facts before him, including the advice of competent counsel, the plea was truly voluntary." See also Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966), cert. denied 385 U.S. 855 (1966); Sorrenti v. United States, 306 F.2d 236 (5th Cir. 1962), cert. denied 373 U.S. 916 (1963).

The above facts also indicate that appellant's claim that he was denied effective counsel is without merit. Hall v. Warden, supra.

Affirmed.

BATJER and MOWBRAY, JJ., and SEXTON, D. J., concur.

THOMPSON, J., dissenting:

This is an appeal from a district court order denying post-conviction relief to Lawrence Hefner, an inmate of the Nevada State Prison. He is there confined pursuant to judgments and concurrent sentences entered upon his plea of guilty to two separate charges of robbery. In each instance, without counsel, he had waived preliminary examination before the justice's court. He was represented by court appointed counsel in the district court, pled not guilty to each charge, and soon thereafter changed his pleas to guilty. He now challenges the validity of the convictions entered pursuant to his pleas of guilty, asserting infirmity since he waived preliminary examinations without the assistance of counsel, and was denied effective counsel in the district court causing him to change his pleas from not guilty to guilty.

The district court denied his petition peremptorily with the observation that "no grounds for the issuance of the writ have been stated." An evidentiary hearing did not occur. Denial of the collateral post-conviction challenge based upon the absence

of counsel when the petitioner waived preliminary examinations before the justice's court was proper. His subsequent guilty pleas to the district court precluded that challenge. Hall v. Warden, 83 Nev. 446, 453, 434 P.2d 425 (1967). However, his attack upon the voluntariness of his guilty pleas may be raised collaterally in a post-conviction proceeding (Hall v. Warden, supra), and the allegations of his petition in this regard contain sufficient substance to require an evidentiary hearing. I would, therefore, remand this matter to the district court for such limited hearing, and turn to express my reasons.

The petition advances a combination of circumstances which bear upon the voluntariness of his guilty pleas. According to the petitioner, he was threatened with the possibility of a life sentence as an habitual criminal if he did not plead guilty to the charges. Additionally, he asserts that his counsel made no investigation of the circumstances of the crimes with which he, Hefner, was charged. The petitioner did not confess to the crimes, nor give incriminating statements. The evidence, if any, in the possession of the state suggesting his guilt, was not disclosed. The court did not inquire as to whether there was a factual basis for his guilty pleas.

A guilty plea must not be induced by promises or threats which deprive it of the character of a voluntary act. Machibroda v. United States, 368 U.S. 487 (1962). The combination of circumstances to which I have alluded bear upon the central issue of voluntariness and, I think, are of sufficient substance to require an evidentiary hearing. Perhaps the petitioner's allegations are untrue. On the other hand, they may speak the truth. In either event, a fair determination cannot be made without an evidentiary hearing. The mere fact that he was represented by counsel does not foreclose access to the courts. Yet, I consider this to be the true holding of the majority opinion.

When the ˙sentencing judge accepted the guilty pleas full inquiry bearing upon the voluntariness of such pleas should have been made. Had such inquiry occurred the need for a post-conviction evidentiary hearing would have been precluded, since the court to which the post-conviction application was presented could rule upon the record made by the sentencing judge without taking evidence. Unfortunately, such a record was not made by the sentencing judge in the case at hand and an evidentiary hearing should now be conducted.

Respectfully, I dissent.