**Wesley GRANT, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 28540**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 6, 1970.

Wesley Grant, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

█ Wesley Grant appeals from the district court's denial of his motion to vacate judgment and sentence.[1] We remand.[2]

The appellant contends that his conviction based on his plea of guilty is invalid because the Assistant United States Attorney[3] misinformed him as to the maximum penalties involved,[4] in the following colloquy:

"MR. HANDY: Mr. Grant and Mr. Thomas, I would further like to advise you that if you plead guilty or be found guilty of the offenses charged in this indictment, the Court may in its discretion stack the sentences, or run them consecutively, as it is called. Do you understand that?

MR. THOMAS: (co-defendant) Yes.

MR. HANDY: All right. Do you know what it means? In other words, that means that the Court can in its discretion add the punishments found in Counts 1, 2, 3, 4 and 5 together. Do you understand that?

MR. THOMAS: Yes.

MR. GRANT: Yes.

MR. HANDY: Do you understand that?

MR. GRANT: Yes, sir."

The offenses charged in the indictment were these:

Count 1: Conspiracy to rob Lott State Bank in violation of 18 U.S. C. Sec. 371, maximum penalty 5 years and/or $10,000 fine.

Count 2: Conspiracy to enter First State Bank of Rogers, Texas, with intent to commit larceny therein, in violation of 18 U.S.C. Sec. 371, maxi-

1. 28 U.S.C. Sec. 2255.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

3. The appellant pleaded guilty after Fed. R.Crim.P. 11 was amended to include the requirement that the court address the defendant personally to determine whether he understands the consequences of his plea. However, the plea was entered prior to the holding in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969), that noncompliance with Rule 11 requires that the guilty plea be set aside and an opportunity be given the defendant to plead anew. McCarthy is not retroactive, and is therefore inapplicable to this case. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

4. This contention was not presented in the applicant's previous Sec. 2255 motion, the denial of which was affirmed by this Court. Grant v. United States, 406 F. 2d 1295 (5th Cir. 1969).

mum penalty 5 years and/or $10,000 fine.

Count 3: Robbery of Lott State Bank in violation of 18 U.S.C. Sec. 2113(a), maximum penalty 20 years and/or $5,000 fine.

Count 4: Theft of more than $100 from Lott State Bank, in violation of 18 U.S.C. Sec. 2113(b), maximum penalty 10 years and/or $5000 fine.

Count 5: Receiving and possessing money knowing that it had been taken from Lott State Bank in violation of subsection (b), which constitutes a violation of 18 U.S.C. Sec. 2113(c), maximum penalty 10 years and/or $5000 fine.

Count 6: Putting in jeopardy the life of a person by use of a dangerous weapon in robbing Lott State Bank, in violation of 18 U.S.C. Sec. 2113 (d), maximum penalty 25 years and/or $10,000 fine.

The appellant pleaded guilty to Count 1, but withdrew it after conferring with his attorney. The Assistant United States Attorney then made the following statement:

"MR. HANDY: All right. At this time, with the intention of Mr. Grant, the Government will only arraign him as to Count 3 of the indictment and waive the arraignment as to the remaining counts at this time."

The appellant pleaded guilty to Count 3 only, and was later sentenced to serve 20 years, the maximum penalty under that count. The remaining five counts of the indictment were subsequently dismissed.

It is apparent that the Assistant United States Attorney advised the appellant that he could be sentenced to a maximum of 75 years in prison if he went to trial on the indictment. The appellant actually could have received sentences totaling no more than 35 years if convicted to the limit allowed by law: five years for each of the two conspiracy counts, plus 25 years on Count 6, the Sec. 2113 (d) count. The time to be served by one convicted of violations of Sec. 2113(a) through (d) cannot be pyramided so as to exceed the maximum provided under the subsection providing the more severe punishment. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). See White v. United States, 5th Cir. 1969, 419 F.2d 374, and cases there cited; Potter v. United States, 317 F.2d 661 (8th Cir. 1963). The transcript of the arraignment proceedings shows that neither the court, the appellant's counsel, nor anyone else said anything to correct the prosecutor's erroneous statements to the appellant regarding the permissible range of punishment.

It therefore cannot be said with certainty that the appellant's plea of guilty to count three was uninfluenced by the possibility that he might be sentenced to serve 75 years instead of 35 years. A "plea of guilty is invalid as not being understandingly entered if the defendant does not know the maximum possible penalty for the offense." Tucker v. United States, 409 F.2d 1291, 1295 (5th Cir. 1969). However, it is possible that, despite the erroneous statement, the appellant knew the correct maximum punishment. He may have learned of the correct permissible punishment from another source. In such a case, the plea would be held to be voluntary. Sorrenti v. United States, 306 F.2d 236, 238 (5th Cir. 1962), cert. denied, 373 U.S. 916, 83 S.Ct. 1306, 10 L.Ed.2d 416 (1963). The fact that the appellant conferred with his attorney before entering his plea is significant in determining whether the plea was voluntary. See United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969).

In either case, it is clear that a hearing must be held to determine whether the appellant was misled as to the maximum sentence. If he was, the trial court will set aside the conviction and permit the appellant to plead anew. If he was not, i. e., if he knew from another source the

**276**

correct maximum sentence permissible, the district court will make findings and conclusions and direct that the record of that proceeding be returned to this court. Tucker v. United States, supra.

The case is remanded for proceedings consistent with this opinion.