**Michael E. STEPHEN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 28869**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 11, 1970.

Michael E. Stephen, pro se.

Roby Hadden, U. S. Atty., Tyler, Tex., for appellee.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying without a hearing the motion of Stephen to vacate sentence pursuant to 28 U.S.C. § 2255.[1] We vacate and remand.

Petitioner, having waived counsel, was convicted on his plea of guilty of violating 18 U.S.C. § 2113(a) and (b), the federal bank robbery statute. He was sentenced on October 20, 1967, to 15 years imprisonment on (a) and a con-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

secutive 5-year term of probation on (b). He filed his motion to vacate sentence under 28 U.S.C. § 2255, contending as grounds for relief (1) that the court failed to comply with Rule 11, F.R. Crim.P., to ascertain whether the guilty plea was voluntarily and understandingly made, (2) that his waiver of counsel was not intelligently made,. (3) that he was not given a copy of the indictment prior to being called upon to plead, (4) that the court failed to inquire as to his competency to stand trial, and (5) that his sentence is illegal because consecutive sentences were on two different subsections of 18 U.S.C. § 2113.

Because the trial court erroneously advised petitioner at arraignment of the consequences of his plea of guilty, we vacate and remand. All of the other contentions are without merit.

■ The transcript reveals that the trial court warned petitioner before accepting his plea that he could be sentenced to twenty years on each count— or a total of forty years. Although § 2113(a) prescribes a maximum term of twenty years, § 2113(b) sets a maximum term of only ten years. Further, sentences for convictions under § 2113(a) and (b) cannot be pyramided. "The time to be served by one convicted of violations of Sec. 2113(a) through (d) cannot be pyramided so as to exceed the maximum provided under the subsection providing the more severe punishment." Grant v. United States, 5th Cir. 1970, 424 F.2d 273, p. 275; Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; White v. United States, 5th Cir. 1969, 419 F.2d 374.

■ This Court has held that a guilty plea, to be voluntary, requires an understanding of the maximum penalty possible for the offense. Wade v. Wainwright, 5th Cir. 1969, 420 F.2d 898; Trujillo v. United States, 5th Cir. 1967, .377 F.2d 266. It is possible that appellant knew the correct maximum punishment, having learned it from another source. In such event, his guilty plea would be held to be voluntary. Grant v.

United States, *supra;* Sorrenti v. United States, 5th Cir. 1962, 306 F.2d 236, cert. denied, 373 U.S. 916, 83 S.Ct. 1306, 10 L.Ed.2d 416. An evidentiary hearing must be held to determine whether appellant was misled. If the district court determines that he was, the conviction will be set aside and appellant permitted to plead anew.

The judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.

Vacated and remanded.