Travis ERWIN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 31069.

United States Court of Appeals, Fifth Circuit.

March 30, 1971.

---

**1328**

Travis Erwin, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Travis Erwin has taken this appeal from the district court's denial of his motion to vacate federal judgment of conviction and sentence, 28 U.S.C. § 2255. We affirm.[1]

■ The appellant seeks relief on grounds that he was misled as to the maximum sentence imposable under counts of his indictment alleging violations of 18 U.S.C. § 2113, subsections (a) and (b), and conspiracy to commit bank burglary in violation of 18 U.S.C. § 371. He pled guilty to the § 371 and § 2113(b) counts; and the more serious § 2113(a) count was dismissed on motion of the government. The record does not conclusively show whether the appellant was in fact unaware of the original maximum imposable prison sentence, which was 25 years rather than 35 years as Erwin avers he thought it was. The district court denied relief on grounds that the appellant's decision to plead guilty resulted from a co-conspirator's having given heavily damaging testimony against him at the start of his trial; that Erwin conferred at length with his counsel before pleading guilty; and that the United States Attorney correctly advised Erwin of the maximum prison terms for the counts on which he pled guilty. We agree that the record supports this finding.

Moreover, this court *en banc* recently overruled the two principal cases on which appellant relies, Stephen v. United States, 5th Cir. 1970, 426 F.2d 257, and Grant v. United States, 5th Cir. 1970, 424 F.2d 273. United States v.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

Woodall, 5th Cir. 1971, 438 F.2d 1317 [February 24, 1971]. The order of the district court is therefore due to be affirmed.

Affirmed.