Thomas L. REDWINE, Appellant,

v.

Eugene M. ZUCKERT, Secretary of the Air Force, Appellee.

No. 17203.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 17, 1963.

Decided April 4, 1963.

---

See also 28 F.R.D. 29.

Mr. Samuel L. Phillips, Washington, D. C., for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The District Court granted appellee's motion for summary judgment in appellant's suit for declaratory relief from his "undesirable discharge" from the United States Air Force.

While on "remote duty" in Alaska as a member of the United States Air Force, appellant pleaded guilty to a civilian charge of burglary for which he was sentenced to prison for two and one-half years. Thereafter, and without hearing, the Air Force issued an "undesirable discharge." [1] Appellant subsequently requested and received a hearing at which he was represented by counsel and in which the discharge was affirmed.

Appellant contends that due process required a hearing *prior* to discharge. In the context of this case, at least, we think not, since appellant makes no claim that he was prejudiced by the fact that his hearing was held subsequent to discharge.[2]

Appellant also challenges the validity of his guilty plea in the civilian court, upon which his undesirable dis-

---

1. A.F.R. 39–22, Sept. 23, 1953, states that "the general policy will be to discharge an airman with an undesirable discharge under this Regulation where the airman has been convicted by a civil court of an offense punishable by death or imprisonment for more than one year."

2. Appellant says that counsel and voluntary witnesses are obtainable at Government expense in pre-discharge hearings but not in post-discharge hearings. Assuming *arguendo* that this is so, we need not decide whether this would require a pre-discharge hearing since appellant was, in fact, represented by counsel at his post-discharge hearing, and he does not claim that he was prejudiced by any difficulty in obtaining witnesses.

charge was predicated. He claims that it was not made "understandingly," because he was not informed of all the consequences of the plea including the likelihood of an undesirable discharge. But an Air Force discharge proceeding is not the proper place for such an attack. Moreover, we are aware of no authority holding that a plea of guilty is "understandingly" made only if the defendant is informed of all the possible non-criminal consequences which may flow from it.

Appellant's other claims of error are without merit.

Affirmed.