**Sam A. JOHNSON, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 71-2864.**

United States Court of Appeals,
Ninth Circuit.

May 25, 1972.

Tom O'Toole, Asst. Federal Public Defender (argued), Tom Karas, Federal Public Defender, Phoenix, Ariz., for petitioner-appellant.

Morton Sitver, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for respondent-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This is an appeal from a denial of relief under 28 U.S.C. § 2255, following an evidentiary hearing. The sole question concerns the failure of the trial judge to advise appellant, at the time of his guilty pleas, that he might receive consecutive sentences on guilty pleas to second degree murder. We affirm.

Appellant, an Indian, was charged by indictment in three counts of the murder in December 1959, of three Indian girls on an Indian reservation.

The trial court found at the § 2255 hearing that he was represented by competent appointed counsel. Following plea bargaining, appellant, on April 26, 1960, entered pleas of guilty to the included offense of second degree murder on each count. The trial court did not advise appellant that sentences could be made to run consecutively.

Appellant was sentenced to life imprisonment on Count 1, to 20 years on Count 2, to run consecutive to the life sentence on Count 1, and to 20 years on Count 3, to run concurrent with the sentence on Count 2.

Following the § 2255 evidentiary hearing in April 1971, the trial court found that the pleas were knowingly, voluntarily, and intelligently made with knowledge of the consequences, except that appellant did not know the sentences could be consecutive.

This finding was supported by the evidence. Appellant's attorney testified he was certain he advised appellant that conviction of first degree murder could result in the penalty of death or of life imprisonment, whereas if appellant pleaded guilty to second degree murder, the maximum penalty would be life imprisonment.

A sentencing court is not required to advise a defendant that prison terms could be made to run consecutively. Hinds v. United States (9 Cir. 1970) 429 F.2d 1322; Tibbs v. United States (9 Cir. 1972) 459 F.2d 292.

United States v. Myers (9 Cir. 1972), 451 F.2d 402, distinguished *Hinds.* In

*Myers*, the defendant was serving a state sentence and was not advised that his federal sentence would not begin to run until the completion of his state sentence.

The consequences of a plea are so numerous that a trial judge would have difficulty in enumerating all of them. See Mathis v. Hocker (9 Cir. 1972) 459 F.2d 988. We will not expand Rule 11, Fed.Rules of Crim.Proc., to require a court to advise a defendant of consequences not presently required by the law of this circuit.

The judgment is affirmed.