**James Morgan TINDALL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-2587

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

James Morgan Tindall, pro se.

John W. Stokes, U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, and DYER and CLARK, Circuit Judges.

PER CURIAM:

The district court denied Tindall's motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255. We affirm.

While serving a sentence in the Florida state penitentiary upon a state conviction, Tindall was convicted in federal court on his plea of guilty of two counts of interstate transportation of stolen motor vehicles and one count of escape from federal custody. He was sentenced to a total of 6 years imprisonment.

In his motion to vacate filed below Tindall contended that his guilty plea was made without knowledge of the consequence of the plea. He alleged that he was not advised by the trial court that his federal sentence would not commence on the date imposed but would follow his state sentence. He further alleged that his court appointed counsel had led him to believe that he would immediately begin service of his federal sentence.

Rule 11, F.R.Crim.P., requires the trial judge, before accepting a guilty plea, to advise the defendant of the maximum sentence possible. However, there is "no requirement to advise a defendant of every 'but for' consequence which follows from a plea of guilty." Trujillo v. United States, 5 Cir. 1969, 377 F.2d 266, cert. denied 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (ineligibility for parole); Ladner v. Henderson, 5 Cir. 1971, 438 F.2d 638 (loss of good time); United States v. Offen, 5 Cir. 1971, 439 F.2d 1079 (loss of rights of citizenship); see also Taylor v. United States, 5 Cir. 1971, 452 F.2d 646; French v. United States, 5 Cir. 1969, 408 F.2d 1027. In this case the trial court clearly advised

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Tindall of the maximum sentences possible and carefully questioned him to determine that his pleas were completely voluntary. The district court fulfilled the requirement of Rule 11.

Affirmed.