Richard Page HARRIS, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73–1852.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1974.

Decided March 4, 1974.

Certiorari Denied June 10, 1974.

See 94 S.Ct. 3076.

Michael H. Irvine, Cedar Rapids, Iowa, for petitioner-appellant.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for respondent-appellee.

Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner-Appellant, Richard Page Harris, contends that he was not made aware of the consequences of his guilty plea in violation of Fed.R.Crim.P. 11. The contention[1] is raised on appeal from the denial of his motion to vacate sentence. 28 U.S.C. § 2255. We affirm.

Pursuant to a Writ of Habeas Corpus *ad prosequendum*, appellant was temporarily in the custody of the United States Marshal at Cedar Rapids, Iowa having been transferred from Bakersfield County Jail, California. He was then serving an indeterminate sentence of from one to fourteen years on state charges.

Harris pled guilty to the crime of interstate transportation of falsely made and forged securities. He was sen-

---

1. Harris does not appeal the denial of his motion below on the additional ground that his plea was involuntary because of promises of a concurrent sentence and that other charges would be dropped. That issue was also decided against appellant by the United States District Court for the Eastern District of Virginia.

tenced to 10 years imprisonment by United States District Judge McManus.[2]

Harris, in substance, complains that because 18 U.S.C. § 3568 [3] leaves a federal judge powerless to impose a federal sentence to run concurrently with any state sentence, the impact of that statute must be made known to the defendant when he pleads in order that he understand the "consequences of his plea." Fed.R.Crim.P. 11. He cites United States v. Myers, 451 F.2d 402 (CA9 1972). *Myers* held that 18 U.S.C. § 3568 affects the maximum imprisonment and is therefore one of the consequences of the plea covered by Rule 11. The court held that Myers' rights had been violated because he "had no reason to know that the sentencing judge did not have discretion to determine when the federal sentence would begin, nor to impose a federal sentence concurrent with any state confinement" and "the defendant was unaware of the facts which he needed to make an assessment (he didn't know when his federal sentence would begin)."

■ Of course, compliance with Rule 11 depends in each case upon the complexity of the charge and the surrounding circumstances, including the defendant's age and record and whether he was represented by counsel. Eagle Thunder v. United States, 477 F.2d 1326, 1328 (CA8 1973).

■ We impose no requirement "that the Judge mount the bench with a script in his hand." Sappington v. United States, 468 F.2d 1378, 1380 (CA8 1972). However, there must be substantial compliance with Rule 11. This mandates that the district court must be satisfied that the defendant understands the consequences of his plea which includes an understanding of the maximum penalty possible for the offense. United States v. Richardson, 483 F.2d 516, 519 (CA8 1973).

We have not passed on the issue raised in *Myers, supra,* as to whether under Rule 11 a defendant in state custody must be informed that his federal sentence will not start to run until such time as he is released from state custody and received at the federal institution for service of such sentence.[4] We find it unnecessary to reach that issue here.

■ We are satisfied from this record that the defendant, Harris, was fully aware that his sentence could run consecutively with his state sentence. He indicated to the court "I was hoping the sentence would run with the sentence in the state of California." Prior to sentence his attorney made a plea for a concurrent sentence.[5] Harris is a man in his forties with a criminal record extending back to his teen years. At the time of his guilty plea in Iowa appellant was faced with felony charges in at least three federal courts. Moreover, one of the charges was dismissed by reason of a plea bargain upon his guilty plea in Iowa.

Under all the circumstances we find there was substantial compliance with Rule 11 and that appellant fully understood the consequences of his plea. *Richardson, supra,* 483 F.2d at 519.

Affirmed.

---

2. Chief Judge, United States District Court for the Northern District of Iowa.

3. The relevant portion of § 3568 states: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence * * *."

4. In Chaney v. Ciccone, 427 F.2d 363 (CA8 1970) we held that absent clear intent to have defendant's sentence run concurrently with any state sentence, the federal sentence did not begin to run until the United States Marshal assumed custody.

5. In addition the transcript of his hearing in the Eastern District of Virginia on his motion to vacate sentence there (made a part of this record) includes sworn testimony of the Assistant United States Attorney for the Northern District of Iowa that he advised defendant "that we could not in any way bind the court with respect to the amount of punishment or whether or not the court would give a concurrent or consecutive sentence in that regard."