Charles Thomas **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 73-1452.

United States Court of Appeals, Tenth Circuit.

Argued May 13, 1974.

Decided July 22, 1974.

E. Roger Horsky, Leavenworth, Kan., for appellant.

Benjamin L. Burgess, Jr., Asst. U. S. Atty., D. Kansas (Robert J. Roth, U. S. Atty., and Bruce E. Miller, Asst. U. S. Atty., D. Kansas, on the brief), for appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

On November 5, 1969, appellant Williams was charged by Information in the United States District Court for the District of Kansas with aiding and abetting in a theft from an interstate shipment in violation of 18 U.S.C. § 659. Upon arraignment, Williams entered a plea of not guilty and was released on bond. Thereafter, Williams was arrested by Missouri state authorities and imprisoned for a state offense. While so confined he appeared in federal court with his counsel and requested permission to withdraw his plea of not guilty and to enter a plea of guilty. In support of this request, counsel for Williams asked permission to make a record by questioning Williams in open court. This request was granted and counsel proceeded with a detailed examination of Williams relating to his understanding of the federal charge against him. It was disclosed that Williams fully understood the nature of the charge and the consequences of a guilty plea. He recited the statutory penalty for the offense charged. He also gave detailed information as to the voluntariness of his plea, which included references to his right to trial by jury and other constitutional rights which are waived by a plea of guilty. He explained his participation in the theft. It was shown that Williams was a narcotics addict and was receiving treatment, but that such treatment caused him no mental problems and that he was fully aware of the proceedings in which he was participating.

Following Williams' showing on his own behalf, the court addressed him personally with regard to his understanding of the nature of the charge against him and the factual basis for a plea of guilty. The court then stated that "[r]elying on your answers to the questions put to you by Mr. Simon [Williams' attorney] and myself, the plea of not guilty heretofore entered will be set aside . . .," whereupon the court accepted the plea of guilty and Williams was later sentenced to the custody of the Attorney General for imprisonment for a period of five years. It is now contended that in accepting the plea of guilty the court did not comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, and further, that Williams, a drug addict, was incompetent to enter a plea of guilty because of methadone treatment for the addiction.

Before accepting a plea of guilty in a criminal case, the court is required by Rule 11 to address the defendant personally in determining that the plea is made voluntarily and with an understanding of the nature of the charge and consequences of the plea. The law is now settled that these requirements msut be strictly complied with. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Thomas, 468 F.2d 422 (10th Cir. 1972), cert. denied, 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973); United States v. Sanders, 435 F.2d 1282 (10th Cir. 1970). The court's

questioning was adequate to show that Williams understood the nature of the charge against him and that there was a factual basis for the plea. The record discloses with remarkable clarity that Williams, by his own unsolicited statements, entered his plea of guilty voluntarily and with full knowledge of the consequences. In addressing the defendant personally, the court elicited from him that he understood the nature of the charge and his participation in the alleged crime. The effect of the court's statement to the defendant was that in addition to the information developed by the court, Williams' voluntary statements made through his own attorney would be adopted in determining that the plea was made voluntarily and with understanding of the nature of the charge and the consequences of a guilty plea. Under these circumstances, we are of the view that the requirements of Rule 11 have been satisfied. Although we do not condone a failure to personally obtain from the defendant his knowledge of the consequences of a guilty plea, to require more than this record shows would place ritual above reality. A more meticulous adherence to the rule would not have added anything to the record which would have been of assistance to the court in determining that the plea was truly voluntary, nor would it have been of any assistance in disposing of the present post conviction proceedings.[1]

 There is no merit to the contention that becaue of methadone treatment for drug addiction Williams was incapable of making an intelligent waiver of his constitutional rights and of entering a plea of guilty. The evidence and the court's finding are to the contrary.

It is contended that the provisions of Rule 11 obligating the court to address the defendant personally to make certain that he understands the consequences of a guilty plea require that under the circumstances Williams should have been told that his sentence would not run concurrently with a state sentence and would commence from the date he arrived at the institution where the federal sentence was to be served. (18 U.S.C. § 3568) The contention finds support in United States v. Myers, 451 F.2d 402 (9th Cir. 1972). We prefer the reasoning of Judge Daugherty in Anderson v. United States, 302 F.Supp. 387 (W.D. Okl.1969), aff'd, 405 F.2d 492 (10th Cir. 1969); where it was held to the contrary. Subsequent to the *Myers* case, the Ninth Circuit held that Rule 11 did not require the sentencing court to advise a defendant that prison terms on separate counts might run consecutively. In Johnson v. United States, 460 F.2d 1203 (9th Cir. 1972), the court stated: "The consequences of a plea are so numerous that a trial judge would have difficulty in enumerating all of them." See also Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971).

Affirmed.

---

1. Williams does not contend that his plea was involuntary or that he was not fully aware of the sentence which the court might impose. His sole complaint is that the judge did not personally advise him as required by Rule 11.