Murray Eugene LOVE, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 74-242-Civ-5.

United States District Court,
E. D. North Carolina,
Raleigh Division.

March 5, 1975.

Murray Eugene Love, pro se.

Thomas P. McNamara, U. S. Atty. by Jack B. Crawley, Jr., Asst. U. S. Atty., Raleigh, N. C., for respondent.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This is a Motion to Vacate Sentence pursuant to Title 28, United States Code, Section 2255. The prisoner petitioner, Murray Eugene Love, presently incarcerated in the United States Penitentiary, Atlanta, Georgia, claims that he is being detained in violation of his rights under the Constitution of the United States. The petitioner asks that this Court set aside his 1972 guilty plea on the grounds that the plea was invalid

under Rule 11 of the Federal Rules of Criminal Procedure.

On May 1, 1972 Love pleaded guilty to the federal charge of uttering and publishing as true a forged United States Postal Money Order in violation of 18 U.S.C. § 500 and was sentenced to be imprisoned for a period of five years. At that time he was in the custody of the State of South Carolina, awaiting trial on state charges. He was brought into the United States District Court for the Eastern District of North Carolina on a Writ of Habeas Corpus ad prosequendum. After the federal sentence was imposed, the United States Marshal returned Love to the South Carolina authorities, Love was convicted of the state offenses and he was retained in state custody until August 2, 1972, when he was paroled into federal custody. Pursuant to 18 U.S.C. § 3568, which in pertinent part provides that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence", Love's five-year sentence did not begin to run until he was first received in federal custody, ninety-two days after he was sentenced by this Court.

Rule 11 of the Federal Rules of Criminal Procedure requires that a guilty plea "[must be] made voluntarily with understanding of the nature of the charge and the consequences of the plea." The impact of 18 U.S.C. § 3568 was undeniably a consequence of Love's plea. The issue is whether or not the operation of section 3568 is one of the "consequences of the plea" about which Rule 11 required Love to be advised. No authority in the Fourth Circuit has been found specifically addressing this problem; therefore, this Court's attention must be directed to the handling of this question by other circuits.

"The law is clear that a valid plea of guilty requires that the defendant be made aware of all 'the direct conse-quences of his plea.' Wade v. Coiner (4th Cir. 1972) 468 F.2d 1059, 1060." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1365 (4th Cir. 1973), cert. den., 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241. On the other hand, the law is equally clear that a valid plea of guilty does not require that the defendant be made aware of all "possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction on a plea of guilty, . . . ." United States v. Sambro, 147 U.S.App.D.C. 75, 454 F.2d 918, 920 (1971); United States v. Ready, 460 F.2d 1238, 1239 (4th Cir. 1972); Cuthrell v. Director, Patuxent Institution, *supra*, at 1365–1366; Johnson v. United States, 460 F.2d 1203, 1204 (9th Cir. 1972); Tindall v. United States, 469 F.2d 92 (5th Cir. 1972).

It is accepted in the Fourth Circuit that any factor affecting the maximum term of imprisonment is a direct consequence of the plea of guilty of which the defendant must be made aware. See Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963).

This Court is of the opinion that the impact of section 3568 is a factor that necessarily affected Love's maximum term of imprisonment. The maximum time a defendant may be in prison definitely depends upon the time that a sentence can commence running. See Eagle Thunder v. United States, 477 F.2d 1326 (8th Cir. 1973), cert. den., 414 U.S. 873, 94 S.Ct. 142, 38 L.Ed.2d 92; Stephen v. United States, 426 F.2d 257, 258 (5th Cir. 1970); Durant v. United States, 410 F.2d 689 (1st Cir. 1969); United States v. Myers, 451 F.2d 402 (9th Cir. 1972).

This Court was powerless under section 3568 to impose a federal sentence to run concurrently with any state confinement. The most this district judge could have done was to have recommended to the prison authorities that the sentence imposed be made concurrent with or consecutive to state confinement. Title 18, United States Code,

Section 4082(a) and (b) provides that the Attorney General of the United States is charged with designating "the place of confinement where the sentence shall be served." That authority has been delegated under 28 C.F.R. § 0.96 to the Bureau of Prisons; therefore, this judge could make no more than a recommendation, as the designation may or may not be a state institution where the prisoner is already confined.

■ Love had no reason to think that his federal sentence would not commence on the day the sentence was imposed by this Court. It is evident from the transcript of the plea that this Court intimated as much at the time of Love's sentencing.*  In United States v. Myers, 451 F.2d 402 (9th Cir. 1972), the Court of Appeals for the Ninth Circuit held that where the federal judge receiving a guilty plea was aware that the defendant was in state custody, in order that the plea be voluntarily and understandingly made, it was necessary that the defendant be informed that the federal sentence would not start to run until such time as the defendant was released from state custody and received at the federal institution for service of his federal sentence. This Court follows the reasoning of the *Myers* decision in its determination that Love's plea of guilty was not entered voluntarily and understandingly. At the time of sentencing, this Court was aware that the defendant Love was in the custody of the State of South Carolina.

The government, citing Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972), contends that the transcript of Love's plea of guilty affirmatively shows that he entered his plea intelligently and voluntarily. The Fourth Circuit Court of Appeals in Wade v. Coiner, *supra* at 1060, declared that "[i]f the record affirmatively shows that the plea was intelligently and voluntarily entered, that is enough." Had this Court informed Love

that his sentence would commence at an uncertain future date then the record would indeed affirmatively show that his plea was entered into intelligently and voluntarily.

■ This Court is aware of the holding of the Court of Appeals for the Tenth Circuit in Wall v. United States, 500 F.2d 38, 39 (10th Cir. 1974). In that decision the Court held that "the fact that service of the federal sentences would follow the *previously imposed state sentence* was not a definite 'practical consequence of the plea' within the meaning of Rule 11." [emphasis added]. At the time of the sentencing of Love in federal district court, he had not been tried and sentenced on the state charges pending against him in the State of South Carolina. In Williams v. United States, 500 F.2d 42 (10th Cir. 1974), the Tenth Circuit Court of Appeals, in repudiating Myers v. United States, 451 F.2d 402 (9th Cir. 1972), noted that the enumeration by the federal district court of all the numerous consequences of a plea of guilty would be very difficult. This Court agrees with this statement but is of the opinion that the time a sentence is to commence, being a direct consequence of a plea of guilty, must be related to the defendant in order that he may enter a plea of guilty with an understanding of what that plea entails. In the federal district courts an overwhelming percentage of defendant's enter a plea of guilty. It is demanding only the minimum that they do so understandingly and voluntarily.

In accordance with McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) this Court shall, without a hearing as to the voluntariness of his plea, enter an order to set aside Love's plea of guilty and sentence and afford him an opportunity to plead again to Count Two of the Indictment in Criminal Case No. 13–72–Cr.

---

\* Transcript of Plea, United States v. Murray Eugene Love, Criminal Case No. 13–72–Cr: Court: Mr. Love, . . . . [y]ou may become eligible for parole any time from this date to the end of five years. [TR. p. 11]

Now therefore, in accordance with the foregoing, it is

Ordered, that the petitioner's plea of guilty in Criminal Case No. 13–72–Cr be, and the same is, set aside and that he be afforded an opportunity to plead again to Count Two of the Indictment in Criminal Case No. 13–72–Cr,

Further ordered, that the petitioner's motion pursuant to 28 U.S.C. § 2255 be, and the same is, granted,

Further ordered, that the Criminal Case No. 13–72–Cr, Raleigh Division, be, and the same is, reopened for further proceedings, and

Further ordered, that the Clerk shall serve copies of this order upon Mr. Murray Eugene Love, P.O. Box P.M.B. 95790–131, Atlanta, Georgia 30315, Mr. Anthony E. Rand, Attorney at Law, P.O. Box 1239, Fayetteville, North Carolina 28302 and Mr. Jack B. Crawley, Jr., Assistant United States Attorney, P.O. Box 26897, Raleigh, North Carolina 27611.

Let this order be entered forthwith.

