Ignatius W. FAULISI, Petitioner-Appellant,

v.

Loren DAGGETT, Warden of United States Penitentiary, Leavenworth, Kansas, et al., Respondents-Appellees.

No. 75–1209.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1975.

Decided Dec. 5, 1975.*

---

* This appeal was originally decided by unreported order on December 5, 1975. See Circuit Rule 28. The court has subsequently decided to issue the decision as an opinion.

306

Edward M. Genson, Theodore M. Becker, Chicago, Ill., for petitioner-appellant.

John R. Wilks, U. S. Atty., Richard A. Hanning, Asst. U. S. Atty., Hammond, Ind., for respondents-appellees.

Before PELL and STEVENS, Circuit Judges, and PERRY, Senior District Judge.**

PERRY, Senior District Judge.

Ignatius W. Faulisi, petitioner below, appeals from the district court's denial of his motion, filed pursuant to 28 U.S.C. § 2255, seeking to vacate his plea of guilty to a charge of violating 26 U.S.C. § 4704(a),—dispensing drugs not in or from the original stamped package,—or in the alternative, to conduct a hearing as to the circumstances surrounding the plea of guilty and the sentence attacked herein.

Faulisi contends that the district court erred in denying his motion. In essence, he asserts that (1) his plea of guilty was not accepted in compliance with Rule 11, Federal Rules of Criminal Procedure; (2) he was denied effective assistance of counsel; (3) his plea of guilty was induced by an unkept promise of the federal prosecutor to recommend a 1–or–2 year sentence to run concurrently with a state sentence Faulisi was then serving; (4) the district court failed to elicit and record an adequate factual basis for his plea of guilty; (5) the federal prosecutor misled the district court to believe that Faulisi had no prior convictions; and (6) inasmuch as Faulisi's plea of guilty to a state charge was induced by the state prosecutor's broken promise to have Faulisi's federal detainer dropped, Faulisi's previous conviction on the state charge should not have been considered by the district court in imposing sentence.

*The "Consequences" of a Plea of Guilty*

First, Faulisi contends that his guilty plea should be vacated because the dis-trict court failed to apprise him that any sentence imposed by the court might be ruled to run consecutive to a sentence which Faulisi was serving at the time he changed his plea to guilty. This is so, contends Faulisi, because otherwise he can not be said to have had full knowledge of the sentencing consequences of his guilty plea, and a plea of guilty cannot be voluntarily made without full knowledge of the sentencing consequences of the plea.

Thus the first question before us is whether the possibility that any sentence imposed by the district court might be ruled to run consecutively to a state sentence then being served is a "consequence" of Faulisi's plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure so that the district court must first inform Faulisi about such possibility before accepting such plea.

To support his contention, Faulisi relies heavily upon *Myers v. United States,* 319 F.Supp. 326 (C.D.Cal.1970), aff'd 451 F.2d 402 (9th Cir. 1972). *Myers,* however, is not a case in point. It is factually distinguishable. There the court vacated the guilty plea of a defendant who had state charges pending against him when the district court imposed sentence upon him in June, 1963. Two convictions on the state charges *followed* the pronouncement of the federal sentence, and resulted in the defendant's retention in state custody until July, 1968, when the defendant was delivered into federal custody and, pursuant to 18 U.S.C. § 3568, began to serve his federal sentence.[1] Thus the issue in *Myers* was not, —as it is in the instant case,—whether the district court erred by failing to inform the defendant of the possibility of consecutive sentences. Rather, the issue in *Myers* was whether or not the operation of 18 U.S.C. § 3568 was one of the "consequences of the plea" about which

** Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

1. 18 U.S.C. § 3568 provides in pertinent part that "The sentence of imprisonment . . . shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . ."

Rule 11 required the defendant to be advised.

In point is *Hinds v. United States,* 429 F.2d 1322 (9th Cir. 1970). In *Hinds* the district court imposed consecutive sentences upon Hinds' pleas of guilty to breaking into a United States Post Office and to a separate indictment charging escape from custody. Hinds filed a § 2255 motion which the district court denied. Hinds appealed, contending that at the time of plea the district court failed to advise him of the consequences of his plea of guilty in that the court did not inform him of the possibility of consecutive sentences. The Court of Appeals rejected this contention and held that inasmuch as the district court had advised Hinds, prior to the entry of his plea, of the maximum sentences applicable to each charge, Hinds was effectively advised of the consequences of pleading guilty to each charge within the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Indeed, the Court of Appeals for the Ninth Circuit later distinguished *Myers* from *Hinds* in the following language:

> *Myers'* case is not analogous to *Hinds v. United States* [citation omitted] . . . We there [in *Hinds*] held that a defendant need not be informed of the possibility of consecutive sentences on several counts of a single indictment prior to pleading guilty, if he is informed of the maximum sentence under each count to which he is pleading. *In normal sentencing practice the defendant will expect the court to have the discretion to impose either concurrent or consecutive sentences.* . . . Myers, however, had no reason to know that the sentencing judge did not have discretion to determine when the federal sentence would begin nor to impose a federal sentence concurrent with any state confinement. [Emphasis added.] *United States v. Myers,* 451 F.2d 402, 405 (9th Cir. 1972).

Decisions of other courts are in accord with *Hinds.* In *Williams v. United States,* 500 F.2d 42 (10th Cir. 1974), Williams was charged with aiding and abetting in a theft from an interstate shipment. He entered a plea of not guilty and was released on bond. Thereafter he was arrested by state authorities and imprisoned for a state offense. While so confined he appeared in federal court with his counsel and requested permission to change his plea to guilty. In support of this request, Williams' counsel asked and was granted permission to make a record by questioning Williams in open court. Williams recited, as Faulisi did in the instant case, the imprisonment penalty for the offense charged. He explained, as Faulisi did here, his participation in the theft. The court then addressed Williams personally with regard to his understanding of the nature of the charge against him and the factual basis for a plea of guilty, after which the court accepted the plea of guilty and later sentenced Williams to a term of 5 years imprisonment. Williams contended on appeal that the district court should have apprised him, before accepting his plea of guilty, that his federal sentence would not run concurrently with his state sentence and would commence from the date he arrived at the institution where the federal sentence was to be served. The Court of Appeals disagreed and held that Rule 11 does not require the sentencing court to advise a defendant that prison terms might run consecutively.

Similarly, in *Villarreal v. United States,* 508 F.2d 1132 (9th Cir. 1974), the defendant pleaded guilty to two counts of armed bank robbery and was sentenced to consecutive prison terms of 10 and 20 years. Two years later he filed § 2255 motions to vacate the sentences on the grounds *inter alia* that he had lacked understanding of the consequences of his plea. The court held that since the defendant knew at the time he entered his plea of guilty that he could receive a maximum sentence of 25 years and a fine of $10,000 on each count, he was thus effectively aware that consecutive sentences totalling 50 years could be given.

To like effect are *Anderson v. United States,* 302 F.Supp. 387 (W.D.Okl.1969), *aff'd on other grounds,* 405 F.2d 492 (10th Cir. 1969), *cert. denied,* 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969), which held that Rule 11 does not require trial courts to inform a defendant in state custody, prior to accepting a plea of guilty to a federal charge, of the time that the federal sentence will commence to run; *Johnson v. United States,* 460 F.2d 1203 (9th Cir. 1972), *cert. denied,* 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972), where the court held that a sentencing court is not required by Rule 11 to advise a defendant that prison terms could be made to run consecutively; *Wall v. United States,* 500 F.2d 38 (10th Cir. 1974), *cert. denied,* 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974), holding that the failure of the district court to advise the defendant of the possibility that his federal sentences could run consecutively to a previously-imposed state sentence did not deprive the defendant's guilty pleas of their voluntary character; *Tibbs v. United States,* 459 F.2d 292 (9th Cir. 1972), which held that a court is not required to advise a defendant, prior to accepting his plea of guilty, of the possibility of consecutive sentences; and *Tindall v. United States,* 469 F.2d 92 (5th Cir. 1972), holding that where the trial court clearly advised a § 2255 petitioner of the maximum sentences possible and carefully questioned him to determine whether his pleas were completely voluntary, the court was under no Rule 11 requirement to advise the petitioner that the federal sentence would follow an existing state sentence.

■ We conclude that the possibility that a federal sentence might be ruled to run consecutively to a state sentence being served is not a "consequence" of a plea of guilty concerning which the court must first address the defendant before accepting such plea.

■ In the instant case, Faulisi was advised of the maximum sentence applicable to the charge. Thus, on the authority of *Hinds, Tindall,* and other authorities cited above, we hold that the district court did not err by failing to inform Faulisi, prior to accepting his plea of guilty, of the possibility that any sentence of imprisonment might be ruled to run consecutively to the state sentence which Faulisi was then serving.

*The Remaining Contentions*

We have carefully examined the record and we agree with the appellees that Faulisi's remaining contentions are simply not supported by the record.

■ Faulisi contends that he was denied effective assistance of counsel. Specifically, he asserts that (1) his defense counsel failed to correct the misstatement by the prosecutor concerning his prior conviction record; (2) it was his defense counsel, rather than Faulisi himself, who provided the factual basis for the plea of guilty; (3) his defense counsel assured the court that Faulisi had no effective defense; and (4) the defense counsel made no attempt to appeal Faulisi's guilty plea, despite Faulisi's expressed desire to appeal the plea. The first assertion completely skirts the facts that a writ of *habeas corpus ad prosequendum* was necessary to deliver Faulisi before the court, and that Faulisi himself told the court at the hearing on arraignment:

> "Sir, I work at the kitchen at Stateville Penitentiary where I am serving time."

Moreover, the so-called "misstatement" of the prosecutor concerning Faulisi's prior criminal history was made within the context of an inquiry by the court as to what penalty could be imposed, and what minimum penalties were required, where the defendant had no prior conviction of a *narcotics* charge, and the defense counsel himself subsequently substantiated the fact that Faulisi had no prior conviction of any offense relating to "drugs or narcotics at any level".

■ As for Faulisi's contention that it was Faulisi's counsel rather than Faulisi himself who provided the factual basis for the plea of guilty, we agree with the appellees that the record reveals that

Faulisi did himself supply a factual basis for the offense, not only by responding to questions put to him by the district court, but also by volunteering additional information.

The contention that Faulisi's counsel assured the court that Faulisi had no effective defense is an issue which was not raised in the court below. The principle that new issues may not be raised for the first time on appeal is too well known to require citation.

The claim that Faulisi's counsel made no attempt to perfect an appeal, despite Faulisi's desire that his case be appealed, finds no support,—only contradiction,—in the record. On March 19, 1971 a request was made for a transcript of the proceedings. The district court denied the request. At the time the request was made, more than 25 days had ensued since the date of sentencing. Thus the right to appeal had not been timely exercised by Faulisi.

Faulisi contends that his plea of guilty was induced by the federal prosecutor's unkept promise to recommend a 1–or–2 year sentence to run concurrently with a state sentence then being served. In support of this contention he points to his affidavit in which he charges that such representations were made to him by the Assistant U. S. Attorney, Mr. Kimbrough. Faulisi further contends that the record "more than adequately supports" the aforesaid contention. Yet the record, far from supporting Faulisi's contention, in fact completely contradicts it. At the date set for trial, when Faulisi sought permission to change his plea to guilty, Faulisi himself told the district court in open court that no promises had been made to him to induce him to plead guilty. Immediately thereafter, the court asked Faulisi, "Do you believe there is any understanding or any prediction as to what your sentence may be in this case?" Faulisi replied, "No, your Honor".

Faulisi next contends that the district court failed to elicit and record an adequate factual basis for his plea of guilty. We reject this contention for the same reasons we rejected his related contention that Faulisi's counsel, rather than Faulisi himself, provided the factual basis for the plea of guilty.

Faulisi's contention that the prosecutor misled the court as to the nature of Faulisi's prior record is completely without merit. It is clear to us that in the dialogue between the court and the prosecutor in the hearing on change of plea, when the prosecutor replied in the affirmative to the court's question, "Is this a first offense?", the court was asking, and the prosecutor was responding, for the purposes of ascertaining what penalty could be imposed and what minimum penalties were required in the event that Faulisi had previously been convicted of a *narcotics* charge.

Finally, Faulisi contends, without citation of apposite authority or supporting reasoning, that his previous conviction on an unrelated state charge should not have been considered by the district court in enhancement of a federal sentence. We know of no authority, and we can think of no good reason, which would persuade us to accept such contention.

For all of the foregoing reasons, the district court's order denying Faulisi's § 2255 motion is

Affirmed.