Ronald Louis CASEBEER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 75–1082.

United States Court of Appeals, Ninth Circuit.

March 2, 1976.

Paul R. Romain (argued), Portland, Or., for petitioner-appellant.

Craig J. Casey, Asst. U. S. Atty. (argued), Portland, Or., for respondent-appellee.

OPINION

Before BROWNING and TRASK, Circuit Judges, and GRAY,* District Judge.

PER CURIAM:

Petitioner Ronald Casebeer filed a motion pursuant to 28 U.S.C. § 2255 on January 18, 1974, seeking an order setting aside his

---

* Honorable William P. Gray, United States District Judge, for the Central District of California, sitting by designation.

pleas of guilty on February 22, 1972, to three counts of armed bank robbery and murder incidental thereto, 18 U.S.C. § 2113(a), (d), (e), and the federal sentence imposed. He was granted an evidentiary hearing on his motion on October 30, 1974. Following that hearing the court, after making findings of fact and conclusions of law, denied Casebeer's motion and dismissed his action. This appeal followed.

Petitioner-appellant was indicted on November 19, 1971, on the three counts of armed bank robbery and murder, *supra*. In addition, petitioner was indicted on felony-murder charges in the Circuit Court of the State of Oregon for Lane County, for acts committed by an accomplice during one of the bank robberies, pursuant to Ore.Rev. Stat. § 163.010(1) (repealed in 1972). He instructed his counsel, whose ability is not questioned, to make the best possible bargain for him in exchange for guilty pleas. That bargain was incorporated into a letter dated January 31, 1972, which was read into the court record at the time of the plea.[1]

At the evidentiary hearing held in connection with this petition the court found that Casebeer pleaded guilty to a state charge of felony murder and was sentenced on February 9, 1972, and that he was processed into the Oregon State Penitentiary on February 14, 1972, and then immediately released to the custody of federal authorities. At the federal sentencing proceeding after his guilty plea but before sentencing, appellant altered his bargain by stating that he wished his place of confinement to be in the Oregon State Penitentiary, which was nearer his home. A recess was requested by appellant's attorney and was granted in order that Casebeer might withdraw his pleas if he desired. He returned and announced that he was ready to proceed upon the understanding that only a recommendation could be made as to the place of confinement.[2]

Both the government and the court made the requested recommendations.[3] Notwithstanding those recommendations, petitioner was confined at McNeil Island Federal Penitentiary. It was further found by the court that assuming concurrent sentences were imposed,

1. The relevant portions of the letter are as follows:

   "The defendants . . . have been informed that according to Oregon state laws, a state Circuit Court Judge *must* impose a consecutive sentence on a person who has been sentenced earlier by a Federal Judge and who is in custody in a federal institution. They have also been informed, however, that a Federal Judge *is empowered* to impose a concurrent sentence upon a person who has been previously sentenced by an Oregon state Judge regardless of where he is confined. In an effort to *avoid mandatory consecutive sentences* in the event of convictions in both jurisdictions, those defendants have agreed to enter guilty pleas in Lane County and similarly to enter such pleas in this district following their sentencing there. They each are doing so primarily to afford themselves an opportunity to receive concurrent sentences. They have not been promised or assured that by doing so they would in fact recieve (sic) concurrent sentences. They have been told that in the event they entered such pleas, the Government would not recommend consecutive sentences to the Court.
   "Furthermore, the defendants . . . have expressed a desire to be confined in a federal rather than a state penal institution in the event they do enter guilty pleas. In conformance with that express desire, the Government has, through the cooperation of the Lane County District Attorney and the Oregon Corrections Division and the Federal Bureau of Prisons, received a *commitment* that in the event those defendants enter pleas of guilty as described, they could and would be confined in the federal penitentiary at McNeil Island and furthermore, *assuming that concurrent sentences were imposed,* each of the defendants would receive credit on their state sentences for the time served in the federal penitentiary. . . ." (Emphasis added.)

2. Attorney Carney then stated:

   "Mr. Carney: Well, with respect to the institution in which they will be incarcerated, my client, Vance Naillon, and Mr. Franzke's client, Ron Casebeer, are willing to rely on the recommendations that the Court and the U. S. Attorney's office would make to the authorities who have jurisdiction and determine where they will serve the time." Brief of Appellee at 5, 6.

3. The sentence as pronounced by the United States District Judge was as follows:

   "It Is Adjudged that the defendant is hereby committed to the custody of the Attorney

Casebeer would receive credit upon his state sentence for the time served in a federal penitentiary.[4] The court found that "while in federal custody at the time of his plea and sentencing in Federal Court, and thereafter when confined in a federal penal institution, petitioner has been serving his state sentence pursuant to his plea of guilty in State Court in February 1972." Appellant makes much of the fact that as matter of law a district court lacks authority to order a federal sentence to be served concurrently with a prior state sentence. *United States v. Myers,* 451 F.2d 402, 404–05 (9th Cir. 1972); *Chunn v. Clark,* 451 F.2d 1005–06 (5th Cir. 1971); *Joslin v. Moseley,* 420 F.2d 1204, 1205–06 (10th Cir. 1969). The reason for the rule is that under 18 U.S.C. § 3568 the sentence commences to run from the date on which the prisoner is received at the place of his confinement for service of his sentence. Here, appellant by virtue of the designation by the Attorney General, began his federal sentence at McNeil. The time served there became a credit upon his state sentence because of the commitment by the Oregon prison authorities that this be done. Thus, pursuant to the sentencing procedures followed and the consensual arrangements made, Casebeer has obtained the concurrency which he bargained for.

■ Appellant also contends that the bargain was violated because he was later transferred from McNeil to another place of federal confinement. The contention is without merit. Although a preference for federal confinement was expressed and McNeil Island specified, the government notified appellant and his counsel that the decision rested ultimately with the Attorney General of the United States. Both the government counsel and the court made the requested recommendations and they were accepted. Casebeer's later transfer to the federal prison at Marion, Illinois, for disciplinary reasons, was not a violation of the plea bargain but, as the court concluded, for good and valid cause. Neither his own attorney nor the court gave him assurances that he would be imprisoned at McNeil permanently. The court found that the government attorney specifically informed petitioner through his counsel that he could be moved for good and valid cause.

■ Finally, appellant argues that had he pleaded guilty first in federal court, the conviction resulting would have constituted a bar to his later prosecution in the state. The state statute relied upon is Ore.Rev. Stat. § 131.240(1) (repealed in 1974).[5] The statute has never been judicially construed in the Oregon courts, although a New York court has apparently construed a similar statute as appellant contends. *See People v. Lo Cicero,* 14 N.Y.2d 374, 378–79, 251 N.Y.S.2d 953, 956–57, 200 N.E.2d 622, 624–25 (1964). Appellant also relies upon an

---

General or his authorized representative for imprisonment for a period of 20 (twenty) years on each of Counts I and II, and imprisonment for his natural life on Count III. Said sentences to run concurrently with each other and concurrently with sentence imposed on Count III, a total of life imprisonment. All three sentences to run concurrently with the sentence heretofore imposed by the Circuit Court of the State of Oregon for Lane County Oregon.

"Defendant shall become eligible for parole at such time as the Board of Parole may determine.

"It is the Court's recommendation that place of confinement be Oregon State Penitentiary." C.T. at 48.

4. The court's finding in this regard was:

"A letter from Amos P. Reed, Administrator of the Oregon State Corrections Division, outlining this commitment was attached to the letter prepared by Mr. Hawk. That same letter is an exhibit in the present case. . . ." Trial Court's Finding of Fact No. 4, C.T. at 128.

5. Ore.Rev.Stat. § 131.240(1) (Repealed in 1974):

"When an act declared to be a crime is within the jurisdiction of another state, territory or country as well as of this state, a conviction or acquittal thereof in the former is a bar to a prosecution therefor in this state."

unpublished order of the Coos County Circuit Court entered approximately seven months after his guilty pleas were entered. The argument is speculative in the extreme. A plain reading of the statute makes it doubtful that the federal courts are "another state, territory or country" within the meaning of the statute. If the Coos County Circuit Court order is to be accorded precedential value it must also be given retroactive effect. We think that retroactive effect of this order is barred by *State v. Fair*, 263 Ore. 383, 502 P.2d 1150, 1152–53 (1972). We do not deem the argument of sufficient persuasive value here to reverse the judgment of the trial court. *See also Moore v. Illinois*, 55 U.S. 13, 19, 14 How. 13, 19, 14 L.Ed. 306, 308 (1852), *affirmed in Bartkus v. Illinois*, 359 U.S. 121, 131–33, 79 S.Ct. 676, 682–83, 3 L.Ed.2d 684, 691–92 (1959).

Judgment affirmed.