**Alan Gene KINCADE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–2289.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 10, 1977.

Decided July 6, 1977.

William R. Ellis, Pittsburgh, Pa., for appellant.

Joel B. Strauss, Blair A. Griffith, U.S. Atty., David M. Curry, Pittsburgh, Pa., for appellee.

Before ALDISERT, ROSENN and HUNTER, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial, without evidentiary hearing, of Kincade's motion to vacate sentence pursuant to 28 U.S.C. § 2255. In that motion, Kincade argued that his guilty plea was rendered invalid—under Fed.R.Crim.P. 11[1]—by the court's failure to inform him that 18 U.S.C. § 3568[2] might have an effect on

---

1. Rule 11 read in part as follows at the time of Kincade's guilty plea:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such a plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily *with understanding of the nature of the charge and the consequences of the plea.* If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

(Emphasis added.)

After Kincade's plea was entered, rule 11 was amended to eliminate the requirement that the court explain the "consequences" of a guilty plea to the defendant before accepting his plea. The current rule, as amended in 1975, merely requires that the minimum and maximum penalties be disclosed.

2. Section 3568 provides as follows:

Effective date of sentence; credit for time in custody prior to the imprisonment of sentence—The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence *to run from the date on which he is received* at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term.

the starting date of any federal sentence imposed upon him. We hold that the possible effects of section 3568 were not "consequences" of Kincade's guilty plea that had to be explained to him under rule 11, as it then read. Therefore, we affirm.

## I.

Kincade was charged with fourteen counts of forging and altering United States Savings Bonds in violation of 18 U.S.C. § 495. On November 4, 1974, he appeared before the district court to enter a guilty plea. Before accepting Kincade's plea, the court inquired into its voluntariness and fully explained the rights Kincade would waive by pleading guilty. The court did not, however, mention 18 U.S.C. § 3568, which in effect provides that a federal sentence shall begin to run only after the prisoner is released from state custody and received at the place of federal detention. After entry of the plea, Kincade was sentenced to five years of imprisonment.

At the time of the federal hearing, Kincade was being held in state custody on charges of forgery, receiving stolen goods, and attempted theft by deception. After the federal hearing, he was indicted, tried, and convicted on those state charges. He was consigned to a county jail to serve his state term and was released from state custody on March 12, 1976.

On March 18, 1976, Kincade was committed to the Federal Correctional Institute at Danbury, Connecticut, to begin serving his federal sentence. He thereafter filed the motion at issue in this case, alleging that his guilty plea had been invalid. He contended that the operation of section 3568, which delayed the commencement of his federal sentence for the seventeen months he spent in state prison, was a "conse-

quence" of his plea that the court, under rule 11, was required to explain to him.

## II.

It has never been held that rule 11 required the district court to explain every conceivable "consequence" of a guilty plea to the defendant. Most cases drew a distinction between "direct consequences" and "collateral consequences"—only the former falling within rule 11 requirement. *See, e. g., Fruchtman v. Kenton,* 531 F.2d 946, 948 (9th Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976).

Courts have differed as to whether the operation of section 3568 is a direct consequence and must be explained. *Compare United States v. Myers,* 451 F.2d 402 (9th Cir. 1972) (operation of section 3568 must be explained) *and Love v. United States,* 392 F.Supp. 1113 (E.D.N.C.1975) (same), *with Faulisi v. Daggett,* 527 F.2d 305 (7th Cir. 1975) (operation of section 3568 need not be explained) *and Williams v. United States,* 500 F.2d 42 (10th Cir. 1974), (same) *and Tindall v. United States,* 469 F.2d 92 (5th Cir. 1972) (same).[3]

Kincade contends that we must hold that the possible effect of section 3568 was a direct consequence in terms of rule 11. He points out that the statute can, by virtue of a subsequent state conviction, cause the postponement of service of a federal sentence, thereby increasing the overall time of incarceration. The federal court, adds Kincade, lacks discretion to prevent the operation of the statute. Under *Berry v. United States,* 412 F.2d 189 (3d Cir. 1969), says Kincade, a consequence which affects the term of incarceration and as to which the sentencing court lacks discretion must be considered direct.

---

**3.** *See also Opela v. United States,* 415 F.2d 231 (5th Cir. 1969) (failure to warn prisoner of the operation of 3568 does not violate due process).

The courts in the Second and Eighth Circuits, while they have touched upon the issue of advising a prisoner that his federal sentence will begin only after service of his state sentence, have not actually rendered decisions turning on the merits of the *Myers* rule. *Unit-*

*ed States v. Hermann,* 524 F.2d 1103 (2d Cir. 1975) (failure to advise prisoner of operation of section 3568 not plain error permitting consideration of the issue for the first time on appeal.); *Harris v. United States,* 493 F.2d 1213 (8th Cir.), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 670 (1974) (prisoner aware sentence could be consecutive to state sentence.).

In the first place, not all possible variations in time of incarceration amount to direct consequences. *See, e. g., United States v. Hawthorne*, 532 F.2d 318, 321 (3d Cir. 1976), *cert. denied*, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177, (1977) ("[u]ncertainty as to the possible sentence that might follow from trial of counts to which the defendant has not pleaded guilty cannot invalidate a guilty plea as to that count to which the defendant has pleaded guilty"). Furthermore, consequences—no matter how unpalatable—which are not related to the length or nature of the *federal* sentence cannot be considered direct consequences.[4] In the instant case, section 3568 had no effect whatever upon the length of the federal sentence. The statute did operate to increase the length of Kincade's overall incarceration, but not by modifying his federal punishment.

Finally, the district court's lack of discretion with respect to the operation of section 3568[5] has no bearing on the length of the *federal* sentence. The court remains unfettered by section 3568 in selecting a sentence for the federal offense of which defendant was convicted; the statute operates automatically merely to delay the start of the sentence chosen. It does not change the nature of the federal sentence which results from the guilty plea.

### III.

We hold, therefore, that the possible application of section 3568 was not a consequence of Kincade's guilty plea that had to be explained to him under rule 11. The judgment of the court below will be affirmed.

ALDISERT, Circuit Judge, concurring.

I concur in the result reached by the court. Here the defendant appeared before the federal court for the entry of a guilty plea prior to the 1975 amendment of Rule 11, F.R.Cr.P. Although he was in state custody at the time, he had not yet been indicted, tried, convicted or sentenced for any state offense. Under these circumstances, I find no duty on the part of the district court to explain that any federal sentence would begin to run upon completion of any possible state sentence that might be pronounced.

---

4. *United States v. Crowley*, 529 F.2d 1066 (3d Cir.) (suspension as a fireman), *cert. denied*, 425 U.S. 995, 96 S.Ct. 2209, 48 L.Ed.2d 820 (1976); *Moore v. Hinton*, 513 F.2d 781 (5th Cir. 1975) (suspension of auto license); *Cuthrell v. Director*, 475 F.2d 1364 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973) (institution of separate civil proceedings against the defendant for commitment to a mental health facility); *Johnson v. United States*, 460 F.2d 1203 (9th Cir.), *cert. denied*, 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972) (failure to tell defendant whether sentence on multiple count indictment will be concurrent or consecutive); *Hutchison v. United States*, 450 F.2d 930 (10th Cir. 1971) (per curiam) (loss of good time credit); *Waddy v. Davis*, 445 F.2d 1 (5th Cir. 1971) (struck automatically from voting rolls); *United States v. Vermeulen*, 436 F.2d 72 (2d Cir. 1970), *cert. denied*, 402 U.S. 911, 91 S.Ct. 1390, 28 L.Ed.2d 653 (1971) (failure to indicate whether sentences would be consecutive or concurrent); *Meaton v. United States*, 328 F.2d 379 (5th Cir. 1964) (per curiam), *cert. denied*, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965) (deprivation of right to vote in another jurisdiction); *Redwine v. Zuckert*, 115 U.S.App.D.C. 130, 317

F.2d 336 (1963) (per curiam) (possibility of undesirable discharge from armed forces); *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976) (possibility of deportation); *United States v. Santelises*, 509 F.2d 461 (2d Cir. 1975) (same); *Michel v. United States*, 507 F.2d 461 (2d Cir. 1975) (same); *United States v. Sambro*, 147 U.S.App.D.C. 75, 454 F.2d 918 (1971) (per curiam) (same); *United States v. Briscoe*, 139 U.S.App.D.C. 289, 432 F.2d 1351 (1970) (same).

5. It is clear that it is beyond the power of a federal sentencing court to vary the terms of section 3568 or to order a federal sentence to be served concurrently with a state sentence. *Casebeer v. United States*, 531 F.2d 949 (9th Cir. 1976); *Ange v. Paderick*, 521 F.2d 1066, 1067–68 (4th Cir. 1975); *United States v. Herb*, 436 F.2d 566, 568 (6th Cir. 1971); *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970); *Allen v. Ciccone*, 425 F.2d 989 (8th Cir. 1970); *Joslin v. Moseley*, 420 F.2d 1204, 1205 (10th Cir. 1970). *But see Lebosky v. Saxbe*, 508 F.2d 1047 (5th Cir. 1975).