**UNITED STATES of America, Appellee,**

v.

**Albert Joseph DEGAND, Jr., Appellant.**

**No. 79–1549.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1980.

Decided Jan. 28, 1980.

Robert D. Kingsland, U. S. Atty., and Larry D. Hale, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before GIBSON, Senior Circuit Judge, and ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Albert Joseph Degand, Jr., appeals from the denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255.

In 1976, while serving a sentence in Illinois on a state assault conviction, Degand pled guilty in federal court to a charge of kidnapping in violation of 18 U.S.C. § 1201. He was sentenced to 30 years imprisonment. In his motion to vacate the federal sentence, Degand alleged that his guilty plea was given without full knowledge of the charge and the consequences of his plea. Specifically, Degand alleged that the sentencing court did not comply with Rule 11 of the Federal Rules of Criminal Procedure because it failed to advise him that any federal sentence imposed might not run concurrently with his state sentence. We disagree, and affirm the judgment of the district court.[1]

Degand contends that there was no compliance with Rule 11 of the Federal Rules of Criminal Procedure, because the court failed to explain that under 18 U.S.C. § 3568, it could not make his federal sentence concurrent to his existing state court sentence. Without that knowledge, Degand claims that he was unaware of the consequences of his plea and that his plea was thereby rendered involuntary. This contention is without merit. Although desirable, *Greathouse v. United States*, 548 F.2d 225, 228 n.5 (8th Cir.), *cert. denied*, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977), a sentencing court need not inform a defendant of all the consequences of his plea.[2]

Ralph A. Dobberstein, St. Louis, Mo., on brief, for appellant.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. Formerly, Rule 11(c)(1) of the Federal Rules of Criminal Procedure had required that the sentencing court determine that the plea was made with an understanding of the nature of the charge and the consequences of the plea. It currently provides:

> (c) Advice to defendant. Before accepting a plea of guilty or nolo contendere, the court

■ The application of 18 U.S.C. § 3568 has no bearing on the length of the federal sentence; it merely suspends the commencement of the sentence until a defendant is received in federal custody.[3] *See, e. g., Kincade v. United States*, 559 F.2d 906, 909 (3d Cir.), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977). Therefore, a defendant in state custody need not be informed that the federal judge lacks the power to order concurrent state-federal sentences.

■ The record shows that the district court fully informed Degand of his rights and of the maximum penalty for the crime. Degand twice stated that he understood that he could be sentenced to life imprisonment, that no threats or promises were made to induce him to plead guilty, and that there was no understanding or prediction as to the length of the sentence to be imposed. These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Degand has advanced no specific or credible reason why the declarations he made at the Rule 11 proceeding should not be accepted as true. We therefore consider the accuracy and truth of his statements as "conclusively established." *United States v. Beck*, 606 F.2d 814, 816 (8th Cir. 1979).

Degand's contention that his counsel misled him to believe that the sentences would run concurrently is also untenable. At the time of sentencing, Degand's counsel expressed his "*hope* that your action, Your Honor, would make it possible that we *might* combine time-wise the effort of imprisonment in Illinois and the federal punishment at the hands of the Federal Government in this case." (Emphasis added.)

■ "Hope" of a different result can hardly be said to deprive a guilty plea of its voluntary character. *See, e. g., Harris v. United States*, 493 F.2d 1213, 1214 (8th Cir.), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 670 (1974). Furthermore, the erroneous advice of counsel as to the penalty which may be imposed does not, by itself, lead to manifest injustice sufficient to allow a defendant to withdraw his guilty plea. *United States v. Scharf*, 568 F.2d 106, 107–08 (8th Cir. 1978).[4]

■ Under these circumstances, the district court properly denied Degand relief without an evidentiary hearing. Before an evidentiary hearing is required on a motion to vacate sentence, a petitioner must "allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice." *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978). Degand's conclusory allegations that his plea was involuntary, and not made with an understanding of the nature of the charge and the consequences of the plea, are insufficient to require a hearing to go behind the

---

must address the defendant personally in open court and inform him of, and determine that he understands, the following:

    (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law * *

These provisions were effective when Degand entered his guilty plea in 1976.

3.  18 U.S.C. § 3568 provides, in part:

    The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. * * *

4.  This is particularly true where, as in this case, the penalties are collateral rather than direct consequences of the plea. The majority

of courts addressing the issue have held that a federal sentencing judge need not inform a defendant who is in state custody of his inability to order concurrent state-federal sentences. *Cobb v. United States*, 583 F.2d 695, 697 (4th Cir. 1978); *Kincade v. United States*, 559 F.2d 906, 909 (3d Cir.), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977); *Faulisi v. Daggett*, 527 F.2d 305, 309 (7th Cir. 1975); *United States v. Saldana*, 505 F.2d 628, 629 (5th Cir. 1974); *Williams v. United States*, 500 F.2d 42, 44 (10th Cir. 1974). Only one circuit has held otherwise. *United States v. Myers*, 451 F.2d 402, 404 (9th Cir. 1972). These courts reason that the effect of Section 3568 is not a direct consequence of a guilty plea because it does not modify the length or nature of the *federal* punishment imposed.

statements made by him during the plea proceedings. *Blackledge v. Allison, supra,* 431 U.S. at 73–74, 97 S.Ct. 1621.

Where an evidentiary hearing is not required, the district court retains discretion to determine whether counsel should be appointed. *McTyre v. Pearson,* 435 F.2d 333, 335 (8th Cir. 1970), *cert. denied,* 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 117 (1971). It was not an abuse of that discretion in this instance for the district court to refuse to appoint counsel to assist Degand with his motion.

We agree with the district court that the motions, files, briefs, and records of this case conclusively demonstrate that the petitioner is entitled to no relief.

Accordingly, the judgment of the district court is affirmed.