**Israel SCHAWARTZBERG, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 50, Docket 31384.**

United States Court of Appeals Second Circuit.

Submitted Sept. 20, 1967.

Decided Sept. 21, 1967.

Israel Schawartzberg, pro se.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Robert G. Morvillo, Asst. U. S. Atty., on the brief, for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Israel Schawartzberg appeals from an order of the United States District Court for the Southern District of New York, Edward C. McLean, J., denying without a hearing an application under 28 U.S.C. § 2255 to vacate and set aside a judgment of conviction for conspiring to obstruct justice and suborn perjury by attempting to induce a key witness not to testify against one Vincent Pacelli in a narcotics conspiracy case. See United States v. Armone, 363 F.2d 385 (2d Cir.), cert. denied, 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966). Schawartzberg had been sentenced by Judge McLean to a term of two years imprisonment; we affirmed this conviction in United States v. Kahn, 366 F.2d 259 (2d Cir.), cert. denied, 385 U.S. 948, 87 S.Ct. 324, 17 L.Ed.2d 226 (1966), and Schawartzberg commenced serving his sentence on November 21, 1966. In January 1967, Schawartzberg filed his first § 2255 motion. Judge McLean denied the motion in February; the denial was affirmed by this court last May.

In February 1967, appellant brought a second § 2255 motion, the subject of this appeal. He alleged that the presentence report used by Judge McLean in imposing sentence was inaccurate.

On March 29, 1967, Judge McLean denied the motion without a hearing, stating in his memorandum that his "judgment was not influenced by rumors noted in the pre-sentence report." Appellant's appeal from this order was taken by us on submission of briefs without oral argument. We have carefully considered his contentions, principally that the court below committed error by denying him a hearing, and we find them all without merit. Accordingly, we affirm.