William B. **WILSEY**, Petitioner-
Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 504, Docket 73–2177.

United States Court of Appeals,
Second Circuit.

Argued Dec. 5, 1973.

Decided April 30, 1974.

Lionel G. Hest, New York City (Debevoise, Plimpton, Lyons & Gates, New York City, on the brief), for petitioner-appellant.

Paul V. French, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty. N. D.N.Y., on the brief), for respondent-appellee.

Before WATERMAN and FEINBERG, Circuit Judges, and GURFEIN, District Judge.*

PER CURIAM:

William B. Wilsey appeals from an order of the United States District Court for the Northern District of New York, Edmund Port, J., denying without a hearing Wilsey's petition under 28 U.S.C. § 2255 to set aside his four-year sentence, entered in February 1971 after a guilty plea, for conspiring to counterfeit Federal Reserve notes. 18 U.S.C. § 371. Wilsey claims that the judge, in sentencing him, was improperly influenced by some prior convictions obtained when Wilsey did not have counsel and therefore not to be considered under United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).[1] The Government argues that the judge's remarks on the record show that he imposed sentence without relying on any prior unconstitutionally obtained convictions of appellant.

We view the judge's comments as ambiguous and the record as unclear. Accordingly, we remand the proceeding so that the district judge may make brief findings as to (1) whether the pre-sentence report contained the challenged convictions; and (2) if so, whether he would have given a different sentence if he had known they were constitutionally invalid. If the answer to both questions is yes, the judge should determine whether the prior convictions were had without counsel, and, if so, he should resentence. If the answer to either (1) or (2) is in the negative, the judge should simply make a finding to that effect, cf.

---

\* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Appellant points out that his co-defendant received a sentence of only six months.

Schawartzberg v. United States, 382 F.2d 1012 (2d Cir. 1967) (per curiam), cert. denied, 391 U.S. 928, 88 S.Ct. 1817, 20 L.Ed.2d 669 (1968); United States v. Janiec, 464 F.2d 126, 132 (3d Cir. 1972), and not disturb the sentence.