■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JIMMY COUNTS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 15, 1972, convicting him of criminally selling a dangerous drug in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Defendant's conviction must be reversed and the indictment dismissed because the trial court's verdict was against the weight of the evidence (CPL 470.20, subd. 5). On the morning of September 24, 1971 defendant was sentenced to a conditional discharge following his conviction of the crime of possession of narcotics. That very evening an undercover policewoman allegedly went to defendant's apartment, never having seen or dealt with him before, and purchased a "spoon" of heroin from him for $30. That "spoon" of heroin was placed into a glassine envelope. Various members of her backup team testified that from their vantage point on the street they had observed the undercover officer enter defendant's apartment. No testimony was offered to explain why such a purchase was attempted. An analysis of the evidence adduced at the trial convinces us that defendant's guilt was not established beyond a reasonable doubt. The glassine envelope allegedly purchased from defendant weighed only eight grains and was what is referred to in the narcotics trade as a "nickel bag" which should have sold for between $2 and $8. The undercover agent testified that she had been in defendant's presence for about 15 minutes and that he had been barechested that entire time. There were two other couples in the apartment who appeared to be under the influence of narcotics. When the officer entered the apartment, defendant was allegedly engaged in putting white powder into tinfoil envelopes. He simply asked the officer how much she wanted and then packaged it for her. The officer testified that she had not observed any distinguishing marks on defendant's body, except he might have had a "track" or a scab on his left arm. She did not see any bullet wounds on his chest. During defendant's testimony he removed

his shirt and the following scars were observed by the trial court: a five-inch scar behind the right forearm; a three- or four-inch scar on the right arm toward the crease of the elbow; two scars about one to one and one-half inches long on the left arm; a two and one-half inch scar proceeding diagonally down from the left nipple; and another scar on the chest about the size of a dime. The evidence established that all of these scars had been present prior to the time of the alleged sale. The defense was alibi. Defendant,' his parents and his wife, from whom he was then separated, all testified that he was at his parents' home celebrating his mother's birthday at the time of the alleged sale. His mother testified that she had taken the night off from her employment in a hospital as a nurse in order to attend the party. After a check of the hospital records, the People stipulated that defendant's mother had not reported to work on the night in question. Defendant's wife, who was seeking a divorce and therefore had no reason to supply him with a false alibi, corroborated the alibi and contradicted the testimony of the police witnesses that there was a direct view of defendant's apartment door from the street. Based upon all of the foregoing, we find that defendant's guilt was not established beyond a reasonable doubt. A mistrial was declared following the posing of an improper question by the prosecutor which tended to show that defendant had previously been in jail. The trial was thereafter resumed without a jury on the testimony already in the record. In view of the fact that the prosecutor vigorously opposed defendant's application for a mistrial, and introduced no new evidence at the retrial, we reject defendant's contention that the prosecutor's improper question was designed to compel a mistrial and thus avoid an acquittal (see *United States* v. *Beasley*, 479 F. 2d 1124; see, also, *United States* v. *Jorn*, 400 U. S. 470, 485, n. 12; *United States* v. *Tateo*, 377 U. S. 463, 468, n. 3). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.