John Charles **FERRANTO**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 47, Docket 74–1366.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 16, 1974.

Decided Oct. 31, 1974.

John C. Ferranto, pro se.

David G. Trager, U. S. Atty., for the Eastern District of New York, Raymond J. Dearie, Steven Kimelman, Asst. U. S. Attys., of counsel, for appellee.

Before MOORE, MULLIGAN and ADAMS*, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, *Chief Judge*, denying petitioner's motion to vacate his sentence for bank robbery pursuant to 28 U.S.C. § 2255. Chief Judge Mishler dismissed the petition without a hearing on the ground that the instant petition presented the same claims that had been raised by petitioner in a previous § 2255 motion. In both motions, petitioner alleged that the presentence report relied upon by Judge Mishler in sentencing him contained inaccuracies and misstatements with respect to his prior record of criminal activity. In denying petitioner's first motion without a hearing on August 9, 1973, Judge Mishler assumed that petitioner was correct in alleging inaccuracies with respect to three arrests recited in the presentence report, but nonetheless held the petition to be insufficient because the court, in sentencing petitioner, "did not rely to slightest [sic] degree on the charges re-

* Of the Third Circuit Court of Appeals, sitting by designation.

ferred to in the petition." The court listed three other charges contained in the presentence report as "factors in determining the length of sentence imposed." One of the three charges upon which the court did rely was an arrest on October 26, 1957 for breaking and entering.

Petitioner's present motion, like many motions of this kind prepared by persons similarly situated, is not as clear as a mountain lake in springtime. Most of the allegations, as the court below recognized, are a mere repetition of the charges raised in the first motion. Petitioner again seeks relief because of the alleged errors in the presentence report with respect to the three arrests upon which Judge Mishler expressly stated he had not relied in sentencing petitioner. However, in addition to this, petitioner does refer to the arrest for breaking and entering on which the court had relied and alleges that he pled guilty to this charge without the benefit of counsel. He claims that, under United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the sentence imposed upon him on the bank robbery charge now in issue was illegally enhanced by the sentencing judge's reliance upon the prior breaking and entering conviction which had been obtained in violation of his right to counsel.[1]

Petitioner's claim under *Tucker* was not presented in his previous motion and has not yet been adjudicated. Since there is no basis for concluding that appellant deliberately avoided presenting it, we conclude that the claim must be addressed. See Sanders v. United States, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). If the district court judge can state that the invalidity of this particular guilty plea had no effect on the sentence imposed, then the

sentence should stand. If, on the other hand, he indicates that the sentence was enhanced because of this without-counsel plea, the judge can so state and adjust the sentence accordingly. The case is remanded to the district court to proceed in accordance with this opinion.

---

[1]. In his motion below, petitioner, after alleging that his plea of guilty was obtained without counsel, charges that "his record of convictions were [sic] both silent as to counsel in some cases, and totally misleading in that they should not have been a part of a knowledgeable, factual pre-sentence investigation." He then cites a number of cases dealing with the problem of illegal enhancement of sentences. *E. g.*, Brown v. United States, 483 F.2d 116 (4th Cir. 1973); United States ex rel. Lasky v. LaVallee, 472 F.2d 960 (2d Cir. 1973). On this appeal, he expressly relies upon *Tucker*.