UNITED STATES of America,
Appellee,

v.

Thomas Joseph HERMANN,
Defendant-Appellant.

No. 1136, Docket 75–1059.

United States Court of Appeals,
Second Circuit.

Argued July 15, 1975.

Decided Oct. 16, 1975.

Alan Neigher, Bridgeport, Conn., for defendant-appellant.

Peter C. Dorsey, U. S. Atty., District of Connecticut (Peter A. Clark, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, FRIENDLY and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order denying appellant's motion to vacate the sentence for armed bank robbery imposed upon him by Chief Judge Clarie of the United States District Court for the Dis-

trict of Connecticut. When appellant appeared for sentencing on September 27, 1971, his counsel requested Judge Clarie to "consider very seriously" the same eleven-year sentence that appellant's accomplice had already received. Although Judge Clarie had in mind a longer term, he did sentence appellant to eleven years. Appellant now advances several reasons why this sentence should be vacated.

He contends first that the District Court, in assessing sentence, improperly considered two prior convictions which were constitutionally invalid under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because, at the time of these convictions he was not represented by counsel. Assuming that such invalidity existed, appellant was entitled to ascertain, as he did, whether the challenged convictions had any effect on the length of his sentence. The District Court's finding that they had no effect, coupled with the similarity in the sentences of the two accomplices, ends the matter. *Ferranto v. United States,* 507 F.2d 408 (2d Cir. 1974); *Wilsey v. United States,* 496 F.2d 619 (2d Cir. 1974).

Appellant also complains of certain alleged inaccuracies in his pre-sentence report which he suspects may have adversely influenced the Judge. During the course of appellant's sentencing, and his subsequent motions to modify and to vacate his sentence, his counsel had ample opportunity to discuss and explain these inaccuracies. Judge Clarie, nonetheless, adhered consistently to his opinion that the sentence was "fair and just." We see no errors or improprieties which require reversal. *Manley v. United States,* 432 F.2d 1241 (2d Cir. 1970); *United States v. Carden,* 428 F.2d 1116 (8th Cir. 1970).

Several days prior to his guilty plea in the District Court, appellant had been sentenced to a five-year term in State Court on an unrelated charge. The term later imposed by Judge Clarie was, therefore, made to run consecutive to his State sentence. On this appeal, appellant contends for the first time that the requirements of Fed.R. Crim.P. 11 were not complied with by Judge Clarie because he did not advise appellant of his inability to impose a Federal sentence to run concurrently with that of the State.[1] Since this issue was not raised below and was never passed upon by the District Court, it may not be raised for the first time on appeal. *Fields v. United States,* 438 F.2d 205 (2d Cir.), *cert. denied,* 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971).

Appellant was in Federal custody at the time of his plea and was not released to the State authorities until some time thereafter following the request of his attorney. We do not perceive plain error, if error at all, resulting from the District Court's failure to enumerate the possible effects of appellant's unanticipated request for permission to commence his State sentence prior to his Federal term. *Michel v. United States,* 507 F.2d 461 (2d Cir. 1974). We distinguish this case from *United States v. Myers,* 451 F.2d 402 (9th Cir. 1972), relied upon by appellant, where the defendant was in State custody at the time of his Federal plea, and the impact of 18 U.S.C. § 3568 was readily apparent to the trial judge. *Cf. Tindall v. United States,* 469 F.2d 92 (5th Cir. 1972); *Williams v. United States,* 500 F.2d 42 (10th Cir. 1974); *Wall v. United States,* 500 F.2d 38 (10th Cir.), *cert. denied,* 419 U.S. 1025, 95 S.Ct. 504, 42 L.Ed.2d 300 (1974).

Affirmed.

---

1. 18 U.S.C. § 3568 provides in pertinent part that the sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.