James W. COUNTS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 291, Docket 75–2101.

United States Court of Appeals,
Second Circuit.

Argued Oct. 30, 1975.

Decided Dec. 22, 1975.

E. Thomas Boyle, The Legal Aid Society, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

Elia Weinbach, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., of counsel), for appellee.

Before MULLIGAN, OAKES and MESKILL, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from the denial of a petition pursuant to 28 U.S.C. § 2255 for vacation of a ten-year sentence imposed by the United States District Court for the Eastern District of New York, the late George Rosling, *Judge,* and for resentencing. Sentence was imposed following a conviction for robbery of Government property, 18 U.S.C. § 2112. The conviction and sentence were affirmed on appeal. *United States v. Counts,* 471 F.2d 422 (2d Cir.), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1909, 36 L.Ed.2d 395 (1973). The sentence for the federal conviction was imposed consecutive to a state sentence appellant was then serving on a charge involving a sale of heroin. But after appellant served three years of the state court sentence, which had been for a maximum of ten years, the state conviction was reversed on appeal by the New York courts on the grounds that the verdict was contrary to the evidence and that the State had not established beyond a reasonable doubt that appellant had committed the crime. *People v. Counts,* 44 A.D.2d 841, 355 N.Y.S.2d 644 (2d Dep't 1974). The motion for vacating the federal sentence was then made in a § 2255 petition to Judge John R. Bartels of the Eastern District of New York. Judge Bartels

considered the sentencing minutes, noted his own familiarity with the sentence as a member of the three-judge sentencing panel in the Eastern District of New York which had reviewed the sentence when it was originally made by Judge Rosling, and concluded that Judge Rosling's ten-year sentence was founded on "the nature of the crime" and that the "state sentence played no part" in Judge Rosling's consideration as to the term of the sentence he imposed. He also noted that the appellant could have been sentenced to 15 years. Therefore, the § 2255 petition was denied.

We affirm.

As our opinion on the original appeal indicates, 471 F.2d at 424, the crime for which appellant was sentenced by Judge Rosling was a violent one. A federal sky marshal staying at the Holiday Inn in Queens, New York, opened the door to his room and appellant, Counts, or his partner, Elam, sprayed a substance into the marshal's eyes. The marshal was wrestled to the floor where Elam held a large bolo machete against his throat telling him that if he moved his head would be cut off. Appellant then sprayed some more of the substance into the sky marshal's face and rifled the latter's possessions. Counts and Elam took a Government-issue revolver and the marshal's personal credit cards. Before leaving one of them threatened to blow the marshal's head off.

The federal conviction was for stealing and taking by force and violence the revolver while it was lawfully in the possession of an officer of the United States. 18 U.S.C. § 2112. When on June 26, 1972, appellant appeared before Judge Rosling for sentencing, an eight-page presentence report was available for the court. The presentence report, which this court has examined, includes both a description of the crime for which appellant was convicted and his criminal record. The report shows that appellant had previously been arrested several times: as a youthful offender which resulted in three years' probation; at the age of 18 for criminal possession of stolen property when Counts and another male were found in a 1962 Chevrolet reported stolen with stolen license plates; at the age of 19 for criminal possession of dangerous drugs in the fourth degree (more than an eighth ounce of heroin) for which appellant had a conditional discharge; for the criminal sale of a dangerous drug in the third degree, the state conviction occurring one year after appellant was arrested on the sky marshal robbery charge, which conviction was subsequently reversed; a December 12, 1971, charge for possession of a gun and robbery in the first degree of a gas station, as to which Counts was subsequently acquitted; and a February 10, 1972, charge of attempted murder, and robbery in the first degree, as to which Counts subsequently pleaded to reckless endangerment and received a one-year concurrent sentence.[1] In this last case, according to the presentence report, appellant supposedly brought a "hit man" to the home of an informer after having stolen a television set, a radio and a rug in order to pay the supposed hired killer. This charge was only pending at the time of appellant's federal sentencing.

At appellant's sentencing by Judge Rosling, appellant's counsel received a copy of the presentence report and referred to the rather lengthy indeterminate sentence imposed by the state court, pleading for mercy on the basis that Counts, a young man, was already serving up to ten years. The court asked how it could be lenient and counsel asked that the court run the federal sentence concurrently with the state court sentence. Judge Rosling said that "I held the trial of this case. I don't

---

1. The attempted murder charge was brought against one Jimmy Richard Counts. We do not know for sure that Jimmy Richard Counts and James W. Counts, appellant here, are the same person. However, appellant has not attacked the presentence report on this basis and we do not, therefore, consider the matter important at this appeal.

need any other sentencing to persuade me what to do." He then imposed sentence to run consecutive to the state prison sentence.

■ We take the view that if the state sentence played any part in Judge Rosling's sentence, which Judge Bartels thought it did not, it would have been to reduce rather than to increase the term Judge Rosling imposed. True, the appellant has ultimately received no credit for his time spent in the state prison, but it was plainly never Judge Rosling's intention that he receive any credit even had he spent the maximum ten years up to which he had been sentenced. The federal sentence was, as Judge Bartels said, based upon the nature of the crime and not upon specific consideration of the previous conviction now reversed. There is no need, therefore, for resentencing under the holding of *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Obviously Judge Rosling was aware of the fact that the appellant was serving a state sentence, and he did not rely upon any mistaken information at the time sentence was imposed. *Cf. United States v. Needles,* 472 F.2d 652 (2d Cir. 1973); *United States v. Malcolm,* 432 F.2d 809 (2d Cir. 1970).

■ While we do not put great weight on the point, it is true that Judge Bartels as a member of the sentencing panel was in a good position to know what considerations Judge Rosling had in mind at the time of sentencing. This was no ordinary robbery of a Government revolver. The sky marshal was forced to the floor, threatened verbally and with a large bolo machete and then with his own revolver. Indeed, were we possessed of the power of appellate review of sentence, which we are not, *McGee v. United States,* 462 F.2d 243, 248 (2d Cir. 1972), we would find nothing extraordinary or improper about the sentence imposed below. It is unfortunate

that Counts spent three years in state prison for a crime which the State did not prove beyond a reasonable doubt that he had committed. It is also unfortunate that the wheels of justice in the state court grind that slowly.[2] But the underlying state sentence cannot be considered to have affected the federal sentence in this case except perhaps to have reduced it.

Judgment affirmed.

---

2. The federal parole board has ample discretion to give weight to this time of state penal service.