UNITED STATES of America

v.

Norman **RUBINSON**, Defendant.

No. 74 Cr. 573.

United States District Court,
S. D. New York.

Dec. 30, 1976.

Robert B. Fiske, Jr., U. S. Atty. by Frank H. Wohl, Asst. U. S. Atty., New York City, for plaintiff.

Norman Rubinson, pro se.

OPINION

MOTLEY, District Judge.

On May 15, 1975, Norman Rubinson was sentenced to a term of 3 years on each of two counts (conspiracy to violate the securities laws and transportation of unregistered securities for sale in interstate commerce). These sentences were to run concurrently with each other.

By letter dated August 5, 1976, which the court construed as a motion pursuant to Rule 35, Fed.R.Crim.P., Rubinson applied to this court for reduction of sentence. After considering the grounds set forth in his letter, the court denied the motion by order filed on August 12, 1976.

In response to the court's letter to Mr. Rubinson of August 9, 1976, explaining that its action was based on a lack of new evidence in mitigation of sentence, Mr. Rubinson again wrote to the court on August 12, 1976, setting forth further factors which, he felt, should be considered by the court in mitigation of his sentence. Notably, Mr. Rubinson averred that he was suffering from a heart condition which had necessitated his transfer from the federal facility at Eglin Air Force Base to the Comprehensive Health Unit at the Lexington Federal Correctional Institution. The court thereupon wrote to the Medical Director at Lexington, inquiring as to the current status of

Mr. Rubinson's health. When the court was subsequently informed by letter from Dr. Thornton Scott at the Lexington Institution that Mr. Rubinson had exhibited no cardiac disorder since his arrival at Lexington, the court, by letter to Mr. Rubinson dated September 30, 1976 and by order filed on October 5, 1976, denied the request in the letter of August 12, 1976, which it construed as a motion for reconsideration.

By letters dated November 11, 1976 and December 11, 1976, Mr. Rubinson has again asked that the court reconsider its previous denial of his motion for reduction of sentence. As a basis therefor, he noted principally that his co-defendant, Sidney Stein, who had initially been sentenced to ten years incarceration, has been released by another judge of this Court on probation after serving about nineteen months in prison. Stein had been sentenced to a total of ten years, and $25,000 in fines.

Stein, who had pleaded guilty to 3 counts, had taken an appeal from this court's denial of his several motions to reduce his sentence. The Court of Appeals for the Second Circuit vacated Stein's sentence and remanded the case for resentencing before another judge. *United States v. Stein*, 544 F.2d 96 (2d Cir. 1976). It was pursuant to this directive that Stein's sentence was then reduced to time served, about 19 months, to be followed by 5 years probation. Having been sentenced to a term of 10 years, Stein would have been eligible for parole after he had served 3 years and four months. His release after 19 months approximately corresponded to the time he would have been eligible for parole had his initial sentence been five years on each of two counts and two years on a third count, all to be served concurrently. His original sentence was five years and two years to be served concurrently, and five years on a third count to be served consecutively.

The underlying charges and facts in Rubinson's case and with respect to Stein's sentence and appeal are adequately set forth in the Government's brief on Stein's appeal, which is attached hereto as Appendix A, and in the opinion of the Court of Appeals on Stein's appeal and therefore need not be repeated here. *See also United States v. Rubinson*, 543 F.2d 951 (2d Cir. 1976).

The Government has opposed Rubinson's motion on the ground that he failed to cooperate with the Government as Stein did. This is true. However, in this court's view, the disparity in sentence now occasioned by Sidney Stein's reduction of sentence to time served (19 months) and Stein's release on probation, in view of Stein's relative culpability and past record, makes the sentence of incarceration previously imposed upon Mr. Rubinson disproportionately excessive and unjust. *See* concurring opinion of Lumbard, J. on appeal of Stein. Under present Parole Board Guidelines, Rubinson would not be eligible for parole on his three year sentence until he has served 16 to 20 months. He could, therefore, well end up serving more time than Stein whose past criminal record, by his own admission, included the manipulation of 200 to 300 stock issues.[1]

Accordingly, the court reconsiders its previous denial of Mr. Rubinson's timely Rule 35 motion dated August 5, 1976 and orders that Mr. Rubinson be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Two (2) Years on each of Counts 1 and 14 to run concurrently with each other. An appropriate amended form of judgment will be entered.

SO ORDERED.

Appendix A to follow.

---

1. Rubinson and Stein had both been previously convicted of stock fraud and perjury in a civil case involving stock fraud.

# APPENDIX A

United States Court of Appeals
for the Second Circuit

Docket No. 76–1299

UNITED STATES OF AMERICA,

Appellee,

—v.—

SIDNEY STEIN,

Defendant-Appellant.

## BRIEF FOR THE UNITED STATES OF AMERICA

### Preliminary Statement

Sidney Stein appeals from an order entered on March 9, 1976 in the United States District Court for the Southern District of New York by the Honorable Constance Baker Motley, United States District Judge, denying a motion for reconsideration of a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

Indictment 74 Cr. 573, filed on June 4, 1974, charged ten defendants, including Stein, with conspiracy to transport and sell unregistered securities, and to commit securities fraud, mail fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One). The indictment also charged Stein and others with five counts of securities fraud, in violation of Title 15, United States Code, Sections 77q and 77x (Counts Two through Six); two counts of securities fraud, in violation of Title 15, United States Code, Sections 78j, 78ff and Rule 10b–5 of the Securities and Exchange Commission (Counts Seven and Eight); five counts of mail fraud, in violation of Title 18, United States Code, Section 1341 (Counts Nine through Thirteen); one count of interstate transportation of unregistered securities, in violation of Title 15, United States Code, Section 77e (Count Fourteen); and four counts of use of the mails to sell unregistered securities, in violation of Title 15, United States Code, Section 77e (Counts Fifteen through Eighteen).

Finally, the indictment charged three other defendants with two counts of wire fraud in violation of Title 18, United States Code, Section 1343 (Counts Nineteen and Twenty). The indictment charged that all the above violations occurred in connection with transactions in the common stock of Stern-Haskell, Inc.

On January 9, 1975 Stein withdrew his plea of not guilty to all counts in which he had been charged and entered a plea of guilty to Counts One, Seven and Fourteen.

Trial of Stein's co-defendants commenced before Judge Motley on January 22, 1975. During the trial Stein testified as a Government witness on February 24, 25, 26, 27, 28 and March 3, 1975. Subsequently, in *United States v. Rubinson,* 543 F.2d 951 (2d Cir. 1976), this Court affirmed the convictions of Stein's co-defendants, Norman Rubinson, William Chester and Edgar Reynolds.[1]

On March 28, 1975, Judge Motley sentenced Stein to five years' imprisonment and a $10,000 fine on Count One, two years' imprisonment and a $10,000 fine on Count Seven, to run concurrently with the sentence imposed on Count One, and five years' imprisonment and a $15,000 fine on Count Fourteen, to run consecutively with the sentences imposed on Counts One and Seven. Stein was immediately remanded.

On October 23, 1975, Judge Motley denied Stein's motion for reduction of sentence brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure. On March 9, 1976, Judge Motley denied Stein's motion for reconsideration of his sentence reduction motion.

### Statement of Facts

On March 28, 1975, the date of Stein's sentence, counsel for Stein and the Government met with Judge Motley in her chambers for a brief conference. The minutes of that conference, which were sealed, have been transmitted to this Court as part of the record on this appeal. A few minutes after that conference, Stein's sentencing occurred in open court. Stein's counsel, and

---

1. Defendant Albert Feiffer was also convicted but did not appeal. Defendants Jerome Has-kell, Walter Wax and Michael Gardner were acquitted.

then Stein, made brief statements to the Court in effect requesting that a sentence of confinement not be imposed. (A. 43–44, 47).[2]

Judge Motley then stated that in the course of the trial of Stein's codefendants and especially during Stein's direct and cross-examination, she had learned a great deal about Stein's participation in the securities fraud involving Stern-Haskell stock, Stein's commission of other crimes in the securities industry, and also Stein's cooperation with the Government. Judge Motley also referred to Stein's two prior convictions and quoted at length from the probation report originally prepared in connection with Stein's 1972 sentencing, stating that the evidence presented during the Stern-Haskell trial had caused her to concur in the views stated in that report. Judge Motley also referred to testimony that Stein had attempted to have a sentence fixed. (A. 49–52). Judge Motley then stated that the evidence at the trial had also convinced her that in 1972 Stein had attempted to avoid serving a prison sentence by feigning a suicide attempt and that the crimes on which the Court was about to impose sentence were not "minor crimes which deserve a slap on the wrist." (A. 52–53).

Judge Motley then sentenced Stein to a total of ten years and $25,000 in fines. (A. 53–54).

On July 28, 1975, Stein moved for reduction of his sentence, reciting in detail Stein's history of prosecution by, and cooperation with, the Government. Stein also based his motion on his position that, although he had been a major securities violator prior to 1970, he had been rehabilitated, as evidenced by the Government's acknowledgement that it had no reliable information that Stein had committed any crimes after 1972. Stein's papers also stated that Stein's attempted suicide, which

occurred in October 1972 in Florida only a few days before he was scheduled to begin serving a prison sentence, was not a phony attempt designed to avoid serving his sentence, as had been claimed by the co-defendants and defense counsel who had cross-examined Stein at the *Rubinson* trial. (A. 57–93). On August 28, 1975 Stein filed a request for oral argument. (A. 94–95).

The Government joined in the motion for mitigation requesting that Stein be given additional credit for his cooperation, but opposing any reduction of Stein's sentence below five years and a $25,000 fine. (A. 96–99). By endorsement order dated October 23, 1975, Judge Motley denied Stein's motion. (A. 100).

On January 23, 1976, Stein moved for reconsideration of his motion to reduce on the ground, in addition to the considerations set forth in support of his original motion, that Stein's mental health was deteriorating during confinement. (A. 101–118). The Government again joined in the motion, this time affirmatively suggesting that Stein's sentence be reduced to five years and a $25,000 fine, or, in the alternative, that the Court redesignate Stein's sentence as one pursuant to 18 U.S.C. § 4208(a)(2) to accelerate Stein's eligibility for parole. (A. 119). By order dated March 9, 1976 Judge Motley denied Stein's motion.[3] (A. 120).

This appeal followed.

## ARGUMENT

*This court should not entertain Stein's challenge to his sentence on grounds not presented before the District Court.*

In this appeal Stein seeks vacation of his sentence and a remand for resentencing before a District Judge other than the District Judge who sentenced him to ten years

---

**2.** "A." refers to Appellant's Appendix.

**3.** By letter dated June 16, 1976, Stein's counsel, again joined by the Government, sought a conference before Judge Motley to discuss mitigation of Stein's sentence. By letter dated June

23, 1976, Judge Motley denied the application for the conference noting her prior rulings, the pendency of this appeal and the absence of District Court jurisdiction over 120 days after imposition of sentence.

and $25,000 in fines. Stein argues that Judge Motley abused her discretion in considering against him charges made during the *Rubinson* trial, primarily by defense counsel while cross-examining Stein, that (1) Stein had attempted in 1972 corruptly to influence the sentence imposed on him in another case and (2) Stein had feigned suicide in 1972 in order to avoid serving the prison term imposed in that case. In addition, Stein disputes a charge included in his 1972 probation report that he had committed forgery. Stein also claims that the Court erred in considering a 1972 probation report and quarrels with the report's conclusions that Stein would be likely to continue his fraudulent activities and that Stein was not contrite or rehabilitated. (Br. at 17, 21).

Although the Government joined in Stein's motions for mitigation of sentence

in the District Court on the ground that Stein had received inadequate credit for his extensive cooperation with the Government, we must point out, as Stein's counsel appear to concede, that Judge Motley's exercises of discretion in imposing sentence and denying mitigation are not reviewable by this Court. *Dorszynski v. United States,* 418 U.S. 424, 431, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *United States v. Seijo,* 537 F.2d 694, at 696 (2d Cir. 1976); *United States v. Slutsky,* 514 F.2d 1222 (2d Cir. 1975). In addition, it was proper for Judge Motley to consider matters other than crimes of which Stein had been convicted, including events referred to in the *Rubinson* trial and in prior reports of the Probation Department. See *United States v. Seijo, supra,* at 696.[4] Moreover, Judge Motley could have denied Stein's motion for reconsideration on the ground that it was untimely, since it was not filed until long after the expiration of the ten-day period following the denial of his Rule 35

---

4. The extent to which, if at all, Judge Motley increased Stein's sentence because of the matters he complains of is unclear. (A. 47–54). Cf. *Counts v. United States,* 527 F.2d 542, 544 (2d Cir. 1975); *United States v. Herndon,* 525 F.2d 208, 210 (2d Cir. 1975); *Wilsey v. United States,* 496 F.2d 619 (2d Cir. 1974); *Schawartzberg v. United States,* 382 F.2d 1012 (2d Cir. 1967). Although Judge Motley referred to these items at the time of sentencing, she also announced that the crimes for which Stein was being sentenced were serious ones which "warrant a substantial prison term." (A. 53). In addition, the cross-examination of Stein at the *Rubinson* trial had clearly shown that Stein had committed many other securities violations. At one time he testified that he had committed between 200 and 300 such violations (A. 128) several of which were explored in detail. (Tr. 2724–31, 3807) ("Tr." refers to the trial transcript of the *Rubinson* trial.)

Finally, Judge Motley's recitation of matters in aggravation was not without foundation. Much of the information Stein complains of comes from the report of the Probation Department, normally a primary source of sentencing information. Judge Motley's conclusion that Stein had tried to fix his earlier case came from Stein's testimony in *Rubinson* which, although not crystal clear, lends itself to the interpretation that Stein had discussions in 1972 concerning efforts to bribe someone to get his sentence reduced and that he did not report these discussions to the Government until several months after they began. (A. 156–63). Stein testified in detail concerning this transaction in 1973 in *United States v. Quase,* 73 Cr. 80 (S.D.N.Y.). In addition Stein testified in *Rubinson* that in

1966 he had discussed paying $25,000 to another person to avoid being indicted. (Tr. 4127–29, 4144–45). Stein also testified in *Rubinson* concerning his suicide attempt in 1972 on the eve of the commencement of his prison sentence. (A. 172–76). Although Stein said that he had limited recollection after he took an overdose of pills. (A. 173–74), Judge Motley also had before her an affidavit of an Assistant United States Attorney, based on observations by a United States Marshal who saw Stein at the psychiatric hospital where he was taken to recuperate, charging that the suicide effort was fraudulent (Defendant Reynolds Exhibit F), and the report of the United States Medical Center, Springfield, Missouri, supporting Stein's claim of psychiatric illness. (Defendant Chester Exhibit I). Of Course, Judge Motley also heard the unsworn claims of co-defendant Rubinson that he was present on the occasion and knew Stein to have feigned the suicide attempt. (Tr. 3709–10).

While Stein claims here that he was denied an opportunity to rebut the evidence of these matters, he did not below and does not here indicate specifically what rebuttal evidence he wishes to present. His motion papers below included no documentary proof or affidavits conflicting with Judge Motley's observations. The documents relating to his mental condition in 1972 are substantially consistent with the evidence received in *Rubinson,* and the information about Stein's and his wife's current condition and Stein's cooperation with the Government, was simply part of his plea for leniency.

motion. See Rule 9(m) of the General Rules of the United States District Court for the S.D.N.Y.; *cf. United States v. Kahane*, 527 F.2d 491 (2d Cir. 1975).

The legal theory underlying Stein's argument in this Court differs considerably from that which he advanced below. In the District Court, Stein made a Rule 35 motion for mitigation directed entirely to the District Court's discretion. Here, citing cases decided on due process grounds under 28 U.S.C. § 2255, Stein follows an entirely different tack requesting that his sentence be vacated because he was not given an adequate opportunity to contest a number of factors mentioned by the District Judge before imposing sentence. See *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Powell*, 487 F.2d 325 (4th Cir. 1973); *United States v. Malcolm*, 432 F.2d 809, 816 (2d Cir. 1970); *United States v. Looney*, 501 F.2d 1039 (4th Cir. 1974).[5]

Accordingly, Stein's application that his sentence be vacated is not properly before this Court, since it has not been ruled on by the District Court. In order properly to raise the issues Stein asks this Court now to rule on, Stein must first seek vacation of his sentence on due process grounds in the District Court. The appropriate resolution of this appeal is, therefore, either to affirm Judge Motley's order, since her refusal to mitigate Stein's sentence is not reviewable and the motion for reconsideration was untimely, leaving Stein free to file a complaint under § 2255, or to remand the case to Judge Motley[6] for treatment of Stein's due process claims. See *United States v. Hermann*, 524 F.2d 1103 (2d Cir. 1975); *Ferranto v. United States*, 507 F.2d 408 (2d Cir. 1974); *Wilsey v. United States*, 496 F.2d 619 (2d Cir. 1974).

### CONCLUSION

*The order below should be affirmed, or, in the alternative, the case should be remanded to the District Court for consideration of Stein's due process claims.*

Respectfully submitted,

Robert B. Fiske, Jr.
*United States Attorney for the Southern District of New York, Attorney for the United States of America.*

Frank H. Wohl,
Lawrence B. Pedowitz,
*Assistant United States Attorneys, Of Counsel.*

---

**5.** On the record now before it, this Court could not find that Judge Motley's observations were inaccurate or that they were necessarily relied upon to increase his sentence. See p. 270, *supra.*

**6.** Stein has shown no basis for his request that this matter be referred to a District Judge other than Judge Motley.